UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE CURRY-MALCOLM,

                      Plaintiff,

      v.

ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent of
Schools, Individually,

                      Defendants.
_____

<u>DECISION AND ORDER</u>[1]
(Malcolm III)

18-CV-6450L

## INTRODUCTION: MALCOLM III

Plaintiff Bernice Curry-Malcolm ("plaintiff"), proceeding *pro se*, brings this action against defendants Rochester City School District ("RCSD") and its superintendent, Barbara Deane-Williams ("Deane-Williams"). Plaintiff is a 61-year-old African-American woman who was employed with the RCSD starting in April of 2015 as a Central Office Coordinating Administrator of Special Education ("CASE") as a probationary employee. Plaintiff's position was terminated in March 2017 along with twenty-two other CASE employees as a result of budgetary concerns. Plaintiff was then placed on a preferred eligibility list for seven years, meaning she could be recalled and resume employment if a position were open, just as the other CASE employees could.

Plaintiff was offered another probationary appointment on June 14, 2017 as a "TCOSE" with a decreased salary after she lost her initial CASE position. Plaintiff declined this offer and

---

[1] Two other decisions filed by the same plaintiff (17-CV-6873 and 17-CV-6878) have been filed this date.

was eventually recalled from the preferred eligibility list and rehired by the RCSD on November 20, 2017 as a probationary CASE employee.

In addition to her multiple complaints filed in the NYSDHR, two of which have been dismissed with prejudice, plaintiff has now filed a total of three lawsuits in federal court against the RCSD and Deane-Williams. *See Malcolm v. Rochester City School Dist., et al.*, 17-CV-6873 (W.D.N.Y. 2017) (action alleging discrimination by the RCSD and an assortment of district employees); *Malcolm v. Assoc. of Supervisors and Administrators of Rochester*, 17-CV-6878 (W.D.N.Y. 2017) (action alleging discrimination by the RCSD, Deane-Williams, and plaintiff's union). Upon receipt of her right to sue letter from the EEOC in her fifth charge filed in the NYSDHR, plaintiff then filed the present lawsuit (*Malcolm III*).

In the present lawsuit, plaintiff alleges defendants discriminated against her with respect to her employment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1988; New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; 42 U.S.C. § 1983; and the New York Constitution's Equal Protection clause, N.Y. Const. Art. I, § 8 and 11, as well as a state law breach of contract and breach of collective bargaining agreement claim against defendants. In addition to asserting similar claims to those made in her prior two lawsuits, plaintiff also pleads facts alleging retaliation following her recall to the RCSD. Plaintiff alleges that the RCSD has been retaliating against her by, among other things, allegedly recording their conversations, changing her marital status on tax forms, and hacking into her personal cell phone.

In lieu of an answer, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6). Plaintiff, in her complaint and in her reply papers, requested a stay in the proceedings and to amend her complaint.

For the reasons set forth below, defendant's motion to dismiss (Dkt. #2) is granted, and the Complaint is dismissed. Plaintiff's motion to amend the complaint (Dkt. #12) is denied, and plaintiff's request to stay proceedings (Dkt. #1) is denied.

## **DISCUSSION: MALCOLM III**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007). A court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Where a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [plaintiff's] complaint must be dismissed." *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). For employment discrimination claims, a plaintiff need not establish a prima facie case, but instead must only make a short and plain statement of the claim, giving notice of what the claim is and the grounds for the claim. *See Morales v. Long Island R.R. Co.*, No. 09 CV 8714,

2010 WL 1948606, at *2-3, 2010 U.S. Dist. LEXIS 47926, at *7-8 (S.D.N.Y. May 14, 2010), *citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002).

I. **Plaintiff's claims involving events prior to plaintiff's recall**

A district court is afforded "a great deal of latitude and discretion" when determining if one lawsuit is duplicative of another. *Morency v. Village of Lynbrook*, 1 F. Supp. 3d 58, 61 (E.D.N.Y. 2014) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7t Cir. 1993). "A district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A suit is duplicative if the parties, claims against the parties, and the relief sought do not differ significantly from one action to the other. *Morency*, 1 F. Supp. 3d at 61. A party seeking to enforce a claim is not "at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought." *United States v. Haytian Republic*, 154 U.S. 118, 125, 14 S. Ct. 992, 38 L. Ed. 983 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 485, 24 L. Ed. 276 (1876)).

Before the resolution of her prior two lawsuits, plaintiff filed the current action alleging similar, if not the same claims as outlined in her other two complaints. Instead of waiting for a ruling on her motion to amend the complaint in both lawsuits, plaintiff instead filed the present lawsuit adding additional factual contentions to the ones she had made in her prior filings. In fact, plaintiff does not attempt to distinguish this case from her other two, noting that the current action should be stayed pending the same NYSDHR proceedings.

While plaintiff does not necessarily copy the same exact text from her prior complaint as she did in the two prior cases, here she details many of the same instances and events that she has pled in suits in the past. Her complaint rests on the same nucleus of operative facts: whether or not plaintiff was discriminated against during the course of her employment at the RCSD. Because of this, all of plaintiff's claims that are repeated or repled with additional facts regarding

4

her layoff in March 2017 are dismissed. The Court will now consider plaintiff's claims that she makes after her recall in November 2017.

## II. Plaintiff's ADEA, Title VII, and NYSHRL claims against RCSD

A claimant must exhaust administrative remedies through the EEOC before bringing ADEA and Title VII claims to federal court. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Additionally, plaintiff may not file suit in a federal court if any administrative proceedings are still ongoing. *See Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527, 2013 WL 782614, at *2, 2013 U.S. Dist. LEXIS 30221, at *4-5 (E.D.N.Y. Mar. 1, 2013). If plaintiff has elected to pursue her remedies in the NYSDHR, she also cannot seek the same remedies in federal court. *See id.*

There are still proceedings pending in the NYSDHR and EEOC regarding plaintiff's claims against the RCSD. In the dismissal letter that plaintiff received from the NYSDHR that she attached to her complaint, plaintiff is notified her claims have already been addressed in her other NYSDHR charges. While plaintiff claims that she has been issued a right to sue letter in her other NYSDHR claims and therefore has properly filed suit, plaintiff's claims are indistinguishable from case to case and many of the claims plaintiff alleges in the current complaint are clearly the same as alleged in her first NYSDHR charge which is still pending. Plaintiff even details proceedings with the NYSDHR in her current complaint.

As for the claims occurring after plaintiff was recalled, plaintiff does not detail if, when or how she followed any grievance procedure as required. She failed to allege filing a complaint with the proper administrative authority, or even that she made an informal complaint to any of her supervisors regarding the alleged discriminatory and retaliatory conduct now raised in this complaint. Plaintiff continues to make bald assertions that she has "exhausted her administrative remedies" yet she does not detail how she did so. Plaintiff's NYSDHR complaint that she is

5

appealing in this action was filed before she was recalled to her position and did not include any claims regarding any alleged retaliation after she was recalled. Due to plaintiff's failure to exhaust her administrative remedies against the RCSD and her ongoing administrative proceedings, plaintiff's ADEA, Title VII, and NYSHRL claims against RCSD are dismissed.

### III. Plaintiff's ADEA, Title VII, and NYSHRL claims against Deane-Williams individually

The ADEA and Title VII do not provide for personal liability against individuals. *See Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011); *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009). The NYSHRL, on the other hand, provides for personal liability as long as the conduct that gave rise to the claim involved direct participation from the individual defendant. *See Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 678 F. Supp. 2d 100, 106 (W.D.N.Y. 2010); *see also Bickerstaff v. Vassar Coll.*, 160 F. App'x 61, 63 n. 2 (2d Cir. 2005).

I find that plaintiff's Title VII and ADEA claims against Deane-Williams must be dismissed, as both statutes do not provide liability against individuals. As for plaintiff's NYSHRL individual claims against Deane-Williams, plaintiff did not allege direct participation in conduct that gave rise to her discrimination claim anywhere in her complaint. Deane-Williams is only mentioned five times in the complaint. Those five references set forth no actions or events taken by Deane-Williams, and merely speculate as to Deane-Williams' reasons for discriminating against plaintiff. Compl. ¶¶ 8, 58, 156, 321, 328. Because plaintiff essentially pleads no facts detailing Deane-William's actions, plaintiff has failed to plead any individual NYSHRL cause of action against Deane-Williams and those claims are dismissed.

### IV. Plaintiff's Equal Protection Claims under 42 U.S.C. § 1983 and the N.Y. Constitution

Plaintiff also alleges that she was deprived of her constitutional rights in violation of 42 U.S.C. § 1983 and the New York State Constitution, NYS Cons. Art I, Sec. 8 and 11. To establish

liability under § 1983, a defendant must be (1) acting under color of state law and (2) defendant's actions resulted in a deprivation of constitutional rights. *Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). For an individual defendant to be liable, an official must be personally involved by (1) directly participating in the constitutional violation, (2) failing to remedy the constitutional violation after being informed of the violation, (3) creating a policy that allowed for unconstitutional violations or allowing for unconstitutional violations under the policy, (4) supervising employees who committed wrongful acts with gross negligence, or (5) exhibiting deliberate indifference towards the rights of others. 42 U.S.C. § 1983; *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001).

Establishing a defendant's personal involvement in the alleged constitutional deprivations is a prerequisite to damages under § 1983. *Brown v. City of Syracuse*, 197 F. App'x 22, 25 (2d Cir. 2006). The same framework applies to a New York state constitutional violation. *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 53 n. 3 (2d Cir. 2007); *Weber v. City of New York*, 973 F. Supp. 2d 227, 274 (E.D.N.Y. 2013). An equal protection claim is then analyzed under the same framework as a Title VII employment discrimination claim. *Id.*, see *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

Plaintiff failed to plead facts sufficient to state a claim that Deane-Williams personally violated any of plaintiff's constitutional rights, just as she had not done enough to plead that Deane-Williams had individually discriminated against plaintiff under NYSHRL. Because plaintiff has failed to allege any new facts that Deane-Williams' actions deprived plaintiff of any constitutional right, plaintiff's fourth and sixth causes of action against Deane-Williams are dismissed.

While RCSD could be deemed to act under color of state law as a public school district, plaintiff does not detail how the RCSD's actions deprived plaintiff of any constitutional rights

7

based on her new allegations. Plaintiff claims that the RCSD subjected her to disparate treatment but does not provide any factual basis for such claims. Instead of pleading specific instances of retaliatory conduct or disparate treatment, plaintiff details computer and email issues she was having, a time she was locked out of a bathroom, police presence at her job, and payroll errors that plaintiff attributes to a conspiracy to discriminate by RCSD employees against plaintiff. Plaintiff even makes multiple accusations of tax fraud against the defendants and her former employer, the Honeoye Falls-Lima Central School District, all without providing any factual basis or tying it to any of her causes of action.

Plaintiff continues to assert vague and speculative accusations without any factual support and fails to link any of her allegations to any form of discriminatory or retaliatory animus. For these reasons, I find that plaintiff has failed to state an equal protection claim against the RCSD and her fourth and sixth causes of action are therefore dismissed.

Plaintiff also makes a claim under the New York Constitution, Article I § 8. The provision protects freedom of speech. In order to allege a violation under Section 8 and the First Amendment, the plaintiff must allege that (1) she engaged in a protected First Amendment activity, (2) suffered an adverse action, and (3) there was a causal connection between the protected activity and the adverse action. *See Lee-Walker v. N.Y.C. Dep't of Educ.*, 220 F. Supp. 3d 484, 490 (S.D.N.Y. 2016) *aff'd sub nom. Lee-Walker v. N.Y.C. Dept of Educ.*, 712 F. App'x 43 (2d Cir. 2017). An employee "has no… cause of action based on his or her employer's reaction to the speech." *Garcetti v. Ceballos*, 547 U.S. 410, 419, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006). Plaintiff does not plead any protected first amendment activity, nor does she make any argument as to how the defendant's actions of alleged discrimination, harassment and retaliation limited her freedom of speech. For this reason, plaintiff's Article I § 8 claims are also dismissed.

## V. Plaintiff's Breach of Contract, Breach of Collective Bargaining Agreement, and New York Education Law § 3020-a claims

In order to have a breach of contract claim, plaintiff must have been operating under some contract. Plaintiff does not plead that she and RCSD were bound by any employment contract or that there was some contract that was actually breached. *See Ifill v. New York State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009). Plaintiff alleges that the RCSD failed to adhere to the collective bargaining agreement by failing to provide her notice of termination but does not allege what portion of the agreement was breached, nor does she assert how such a failure to notify plaintiff would amount to a breach. Because plaintiff has not alleged any actual breach of contract or any collective bargaining agreement, such claims are dismissed.

Plaintiff also claims the RCSD breached its collective bargaining agreement and wrongfully terminated plaintiff with respect to New York Education Law § 3020-a. However, this statute covers tenured teachers, and plaintiff, by her own admission, was a probationary employee and had not received tenure. *See Murphy v. City of Rochester*, 986 F. Supp. 2d 257, 272 (W.D.N.Y. 2013); *Watkins v. Board of Educ. Of Port Jefferson Union Free School. Dist.*, 26 A.D.3d 336, 337 (N.Y. App. Div. 2006). Plaintiff's § 3020-a claim is therefore dismissed.

## VI. Plaintiff's Request to Stay Proceedings

Plaintiff requested, as part of her complaint, to stay the current proceedings until her unexhausted claims are resolved within the NYSDHR and EEOC. Compl. ¶¶ 13-15. When considering a request for a stay of proceedings, the court should consider whether (1) plaintiff is likely to prevail on the merits, (2) the plaintiff will suffer irreparable harm if no stay is granted, (3) other parties will suffer substantial harm if no stay is granted; and (4) public interest supports a stay. *Rochester-Genesee Reg'l Transp. Auth. v. Hynes-Cherin*, 506 F. Supp. 2d 207, 213 (W.D.N.Y. 2007).

Plaintiff argues that a stay is warranted because she is confident she will prevail on the merits. Plaintiff admits that the NYSDHR has jurisdiction over the claims and that a hearing is still pending, but instead is seeking additional relief here in federal court before completing the hearing process in the NYSDHR. As defendants suggest in their motion to dismiss, public interest instead calls for a denial of plaintiff's request to stay, as plaintiff should be required to exhaust her administrative remedies just like every other litigant who files a claim with the NYSDHR and the EEOC. Dkt. #2. Because I conclude that the causes of action should be dismissed above for failure to exhaust administrative remedies upon which plaintiff bases her request to stay, and plaintiff's complaint is dismissed for failure to state a claim, her request to stay proceedings is denied.

## VII. Plaintiff's Motion to Amend the Complaint

Plaintiff also has moved to amend the complaint. Dkt. #12. Leave to amend, while it should be freely granted, may be denied where amendment would be futile. *Malcolm*, 678 F. Supp. 2d at 109. The Federal Rules of Civil Procedure detail the baseline for what is necessary in order to request leave to amend, including a notice of motion and a statement "with particularity the grounds for seeking the order" which may include a proposed amended complaint. Fed. R. Civ. P. 15(a), 6(c)(1), 7(b)(1)(B). Failing to attach a proposed amended complaint may warrant dismissal. L. R. Civ. P. 15; *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009).

Plaintiff has not submitted a proposed amendment to her complaint that would warrant leave to amend. While plaintiff has asserted additional factual contentions in her later declarations and memoranda (*see* Dkt. #12), none are presented in the form of a proposed amended complaint, and none indicate plaintiff has exhausted her administrative remedies or suggest any additional claims of discrimination. Plaintiff also continues to clarify her other complaints as she

files new lawsuits, all while failing to plead actual factual allegations. Because I conclude that the complaint must be dismissed, and plaintiff has not suggested any proposed amendments that address any of defendants' arguments, amendment of the complaint would be futile. Plaintiff's motion for leave to amend is denied.

## CONCLUSION: MALCOLM III

For the foregoing reasons, I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her Title VII, ADEA, NYSDHR and Equal Protection claims. Accordingly, defendants' motion to dismiss the complaint (Dkt. #2) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 11, 2019.