# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

Bernice Curry-Malcolm,

    *Plaintiff-Appellant*,

v.     19-2416

Rochester City School District, Barbara Deane-Williams, Superintendent of Schools, Individually and Collectively,

    *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:     Bernice Curry-Malcolm, pro se, West Henrietta, NY.

FOR DEFENDANTS-APPELLEES:     Alison Moyer, Rochester City School District, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART** and the case **REMANDED** for further proceedings.

Appellant Bernice Curry-Malcolm,[1] proceeding pro se, appeals the district court's judgment dismissing her discrimination complaint against the Rochester City School District ("RCSD") and its superintendent, Barbara Deane-Williams. In December 2017, Ms. Malcolm filed two nearly identical complaints in district court, initiating: (1) an action against RCSD, Deane-Williams, Ms. Malcolm's union, and union officials, which the district court designated *Malcolm I*, and (2) an action against RCSD, Deane-Williams, and other RCSD officials, which the district court designated *Malcolm II*. In June 2018, Ms. Malcolm filed the instant action against RCSD and Deane-Williams, which the district court designated *Malcolm III*. The *Malcolm III* complaint primarily reiterates and expands on Ms. Malcolm's allegations in *Malcolm I* and *Malcolm II*, but it also adds claims based on subsequent events, including RCSD's firing of Ms. Malcolm in March 2018. Specifically, *Malcolm III* raises distinct retaliation and discrimination claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1983, as well as a breach of contract claim, a wrongful termination claim under N.Y. Educ. Law § 3020-a, and a free speech retaliation claim under the New York Constitution.

---

[1] For consistency with our prior orders in related cases, we continue to refer to the plaintiff as Ms. Malcolm.

2

The defendants moved to dismiss each of the three actions and, on the same day in July 2019, the district court dismissed all of the actions with prejudice and without leave to amend. The issue in this appeal is whether the district court properly dismissed *Malcolm III*. We assume the parties' familiarity with the underlying facts.

We review *de novo* the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).[2] To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152. We afford a pro se litigant "special solicitude" and interpret her complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

First, the district court properly dismissed all of Ms. Malcolm's claims in *Malcolm III* insofar as they relate to events alleged to have occurred prior to December 2017. These allegations are duplicative of those raised in *Malcolm I* and *Malcolm II*, both of which actions name RCSD and Deane-Williams as defendants, and so any such claims may not be maintained here as well. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

We also conclude that the district court properly dismissed for failure to state a claim all of Ms. Malcolm's claims arising from subsequent events.[3] *See* Fed. R. Civ. P. 12(b)(6). As for her discrimination claims under Title VII, the Age Discrimination in Employment Act (the "ADEA"), and the New York State Human Rights Law (the "NYSHRL"), we agree with the district court that Ms. Malcolm fails to allege any details that might raise an inference of discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85–87 (2d Cir. 2015) (holding that a plaintiff must allege facts that give rise to a minimal inference of discriminatory motivation). We reach the same conclusion with respect to Ms. Malcolm's equal protection claims. *See Raspardo v. Carlone*, 770 F.3d 97, 125 (2d Cir. 2014) (holding that, in discrimination cases "brought pursuant to § 1983, liability for an Equal Protection Clause violation requires personal involvement by a defendant, who must act with discriminatory purpose").

Next, although Ms. Malcolm claims in a conclusory manner that her firing amounts to a breach of the collective bargaining agreement or another unspecified contract, her complaint fails to specifically allege which provision of which contract was violated. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (holding that, to state a breach of contract claim, a plaintiff must allege, *inter alia*, "the existence of an agreement, . . . [and] breach of contract by the defendant"). As for her wrongful termination claim under N.Y. Educ. Law § 3020-a, even assuming that this issue was preserved for appeal, the district court

---

[3] Ms. Malcolm also alleges that, during the relevant time period, the defendants engaged in identity theft and subjected her to law enforcement monitoring. These speculative allegations are insufficient to support any of the causes of action brought in her complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint is insufficient if it contains only "labels and conclusions" and "naked assertions devoid of further factual enhancement").

4

properly determined that the claim fails because Ms. Malcolm, by her own admission, was not tenured at the time of her firing. *See* N.Y. Educ. Law § 3020-a(1) (applying to "person[s] enjoying the benefits of tenure").

Moving to Ms. Malcolm's claims that RCSD fired her in March 2018 in retaliation for her exercise of her right to free speech, we agree with the district court that Ms. Malcolm did not allege that she engaged in protected speech on matters of public concern; instead, she alleged only that she made personal discrimination complaints, which amount to unprotected "personal grievances[.]" *See Massaro v. Dep't of Educ. of the City of N.Y.*, 121 A.D. 3d 569, 569–70 (1st Dep't 2014). We accordingly affirm the dismissal of this and all the preceding claims.

As in *Malcolm I*, however, we respectfully disagree with the district court's decision to dismiss all of these claims with prejudice. *See Malcolm v. ASAR*, No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020). We generally review a district court's denial of leave to amend for abuse of discretion, *see Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), but a *pro se* litigant should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). We therefore vacate this portion of district court's order and remand with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend those claims that do not fail as a matter of law.[4] We retain jurisdiction over any subsequent appeal of a

---

[4] Specifically, leave to amend may not be futile with respect to the following claims, insofar as they relate to events occurring after the filing of the *Malcolm I* and *Malcolm II* complaints: (1) Ms. Malcolm's Title VII, ADEA, and NYSHRL claims against RCSD, (2) her § 1983 and NYSHRL claims against Deane-Williams, and (3) any claim that RCSD fired Ms. Malcolm in March 2018 in retaliation for her earlier complaints of discrimination under Title VII, the ADEA, and the NYSHRL. Ms. Malcolm's Title VII and ADEA claims against Deane-

5

denial of leave to amend.[5] *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

We have considered all of the parties' remaining arguments and find in them no basis to disturb the conclusions above. Accordingly, we **VACATE** the district court's decision to deny leave to amend certain claims, **AFFIRM** the district court's judgment in all other respects, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

Williams fail as a matter of law because only employers are liable under these statutes, *see Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order). Ms. Malcolm's § 1983 claim against RCSD fails as a matter of law because RCSD is a New York State entity. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). As explained in our order in *Malcolm I*, any NYSHRL claim may not be maintained if the matter is duplicative of one subject to administrative adjudication, *see York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002), nor may any breach of contract claim arising out of a purported breach of the collective bargaining agreement between Ms. Malcolm's union and her employer, *see Ifill v. N.Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009).

[5] If, however, the district court exercises its discretion to consolidate *Malcolm I* and *Malcolm III* on remand, any subsequent appeal of either case may be heard by the *Malcolm I* panel.

6