

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**PLAINITFF'S MEMORANDUM OF LAW**

---

BERNICE CURRY- MALCOLM

                  Plaintiff,

**Civ. No.: 17-cv-6878**
**U.S.C.A. Appeal No.: 19-2412cv**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

                  Defendants.

**Civ. No.: 18-cv-6450**
**U.S. C. A. Appeal No.19-cv-2416**

**Honorable David G. Larimer**

**<u>JURY TRIAL DEMANDED</u>**

UNITED STATES DISTRICT COURT
FILED
AUG 20 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

**PLAINTIFF'S MEMORANDUM OF LAW**
**<u>Civ. No. 17-cv-6878 (U.S.CA. No.: 19-2412 and 18-cv-6450 (U.S.C.A. No.: 19-2416)</u>**

**PRELIMINARY STATEMENT**

*Pro se* Plaintiff, Bernice Curry-Malcolm, ("Curry-Malcolm" or "Plaintiff") respectfully

submits this memorandum of law in support of her opposition to the Defendants Association of

Supervisors and Administrators of Rochester ("ASAR"), Dr. Timothy Cliby and John Rowe

(hereinafter "ASAR Defendants") motion to dismiss the Second Combined Verified Amended

Complaint pursuant to Fed. R. Civ. Proc. § 12 (b) (1) and 12 (b)(6) in its entirety; or in the

alternative, dismissing such portions of the Second Amended Complaint that are barred by law.

Def., Mem. of Law (Docket No. 46-1), Affirmation of Jennifer Carlson, Esq., Dated May 19,

2021 (Docket No. 46-2). The ASAR Defendants' motion to dismiss Plaintiff's Second Combined

ORIGINAL

Verified Amended Complaint must be rejected based upon the reasons, facts and laws set forth and stated herein.

Further, *Pro se* Plaintiff, Bernice Curry-Malcolm, ("Curry-Malcolm" or "Plaintiff") respectfully submits this memorandum of law in support of her opposition to the Defendants Rochester City School District, Barbara Deane-Williams, Sandra Simpson, Mary Pauly and Teresa Root (hereinafter, "the School District Defendants") motion to motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. Proc. §§ 12 (b) (1, 12 (b)(2), 12 (b)(3), 12(b)(6), Rule 8, Rule 10, Rule 11, and Rule 41(b) dismissing the complaint in its entirety, with prejudice. Declaration of Alison K. L. Moyer, Esq., Dated May 18, 2021 (Docket No. 44-1); Def., Mem. of Law (Docket No. 44-4. The School District Defendants' motion to dismiss Plaintiff's Second Combined Verified Amended Complaint must be rejected based upon the reasons, facts and laws set forth as stated herein.

Plaintiff, Curry-Malcolm has exhausted her administrative remedies as outlined in her second combined verified amended complaint. Pl., Second Combined Verified Amended Complaint Dated April 26, 2021, pgs., 4-22, ¶¶ 12-161.Plaintiff, Curry-Malcolm disputes the union defendants' argument that the Equal Employment Opportunity Commission did not provide her with a right to sue letter regarding her March 30, 2017, New York State Division of Human Rights complaint of discrimination against the union. The unions defendants' argument is without merit and false. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pgs., 16-17, ¶¶ 122-126, (Document # 43).

**STATEMENT OF FACTS**

Plaintiff, Bernice Curry-Malcolm ("Curry-Malcolm" or "Plaintiff") is a sixty-three year old Black/African American married female. Plaintiff, Curry-Malcolm was employed

with the Rochester City School District as a salaried full time regular "active" certificated administrator holding the title of Coordinating Administrator of Special Education (CASE) within the tenured area, Bracket IV, Administrator. The CASE position was a central office-level administrator position within the "Bracket IV" tenure area. Plaintiff and the school district had a binding contractual employment relationship.  At all relevant times, Plaintiff was a member of the Association of Supervisors and Administrators of Rochester ("ASAR"). When Plaintiff commenced employment with the school district, she was assigned to salary bracket IV ($65,000 to $85,000).

Within the Rochester City School District, administrators are classified within four recognized tenure area brackets. Effective July 1, 2006, the administrative title of record for each bracket was (1)  Bracket I, School Principal, Supervising Director, and Coordinating Director; (2) Bracket II, Director; (3) Bracket III, Assistant School Principal; and (4) Bracket IV, Administrator, and those titles remain the same in accordance with the Collective Bargaining Agreement that governs. Art. 5(2).

The tenure area Bracket IV, Administrator is a recognized administrative title in accordance with the parties CBA, and remains an active administrative title, and has not been eliminated or done away with by the school district or union. The Rochester City School District are still appointing, approving, and ratifying appointments to the tenure area, Bracket IV, Administrator, (Board of Education meeting dated July 23, 2020, Resolution 2020-21: 31, Christopher Golamb, Bracket IV (Coordinator of Health, PE, and Athletics).

During the 2018-2019 school year or before, the school district changed the CASE position title to the title of Associate Director of Special Education, Bracket III, Assistant School Principal. The earning of tenure and seniority in brackets III and IV has not changed.

Administrators in brackets I and II earn tenure and seniority within the job tiles, while administrators in brackets III and IV earn tenure and seniority with the respective brackets. CBA, Art. 5(2).

The CASE/Associate Director of Special Education title with placement in bracket III does not have the same duties as the Assistant School Principal, but rather continues to have over 50% of the duties of CASE. The Assistant School Principal job duties even though in the same Bracket III as the Associate Director of Special Education differs. The Associate Director of Special Education falls under the leadership of the special education department, but the Assistant School Principal does not.

Plaintiff Curry-Malcolm is not a probationary employee within the Rochester City School District ("RCSD" or "School District") holding the title of Coordinating Administrator of Special Education ("CASE") as claimed by the ASAR Defendants. Def., Mem. of Law, Dated May 19, 2021 (Docket No. 46-1) at  pg., 2, ¶1). If, this is true as the ASAR defendants claims, then Plaintiff is owed a fair duty of representation and the union continues to violate the parties CBA based on Plaintiff's race, color, and age. The Rochester City School District Defendants does not dispute that Plaintiff was tenured. Plaintiff, Curry-Malcolm contends that she acquired tenure and that discovery is needed on the matter A material fact remains as to whether the School District defendants continues to date to have Plaintiff listed as an active employee as suggested by the ASAR defendants. As far as Plaintiff knows, she is no longer an employee with the Rochester City School District and the ASAR defendants claim that she is gives pause for discovery, rather than dismissal of the action.

Plaintiff, Curry-Malcolm's employment "was governed by a written employment agreement. Plaintiff was employed by the Rochester City School District as a certificated

[4]

administrator holding the title of Coordinating Administrator of Special Education within the tenured area, Bracket IV (Administrator). As a member of the Association of Supervisors and Administrators ("ASAR"), the terms and conditions of employment was  governed by a Collective Bargaining Agreement ("CBA"). Pl., Second Combined Verified Amended Complaint Dated April 26, 2021., pg. 19, ¶¶ 139-141.; Pl., Affidavit dated April 26, 2021, pg., 7, ¶¶ 54. (Document # 43-1).

During Plaintiff's employment, the CBA that governed between the union and the school district was from the period of July 1, 2009 – June 30, 2014, and continued through April 7, 2016, because no successor agreement had been reached. On or about April 8, 2016, a successor agreement was reached (i. e., July 1, 2014- June 30, 2018). As far as Plaintiff knows, no successor agreement has been negotiated. Upon information and belief, a one year extension to the CBA was negotiated to June 30, 2019 (i.e., July 1, 2014 – June 30, 2019) .

The Defendants motion to dismiss Plaintiff's Second Combined Verified Amended Complaint and in its entirety with prejudice must be rejected. This Court should reject the defendants' arguments, Order that the defendants answer the complaint, schedule a conference, grant Plaintiff's request for discovery, grant Plaintiff the relief requested in the complaint, and for another other relief that this Court deems just and proper.

### PRE-ARGUMENT

The Rochester City School District's reason proffered for the adverse action that it took against the Plaintiff was false, and not the real reason, and neither was the adverse action taken for any legitimate business, and/or economic reason. The Rochester City School District defendants' actions were pretextual, done intentionally and in bad faith, and but-for Plaintiff's race, color, age, sex/gender the adverse action would not have occurred. And, but-for the ASAR defendants' discriminatory misconduct and lack of duty of a fair representation on account of

[5]

Plaintiff's race, color, age, sex/gender the adverse action the Rochester City School District took against the Plaintiff would not have occurred.

Defendants knew that Plaintiff engaged in a protected activity, and that the Plaintiff was a member of a protected class. The Rochester City School District took an adverse employment action against Plaintiff by wrongfully terminating her employment in July 2017, on account of her race (Black/African American), color (Black/African American), age (Plaintiff was fifty-eight when the discriminatory and/or retaliatory actions began), and sex (female, excludes sex harassment and sexual violence), and gender (female) for opposing defendants discriminatory and unlawful employment practices.

The Rochester City School District wrongfully terminated Plaintiff in April 2018, on account of her race (Black/African American), color (Black/African American), age (Plaintiff was fifty-nine when the discriminatory and/or retaliatory actions began), and sex (female, excludes sex harassment and sexual violence), and gender (female).

To survive a motion to dismiss in the employment discrimination context, a complaint need not "contain specific facts establishing a prima facie case of discrimination under the [McDonnell Douglas] framework." Twombly, 550 U.S. at 569 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

As with discrimination claims, at the motion to dismiss stage, "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under McDonnell Douglas in the initial phase of [an NYSHRL] litigation." Duplan v. City of New York, 888 F.3d 612, 625 (2d Cir. 2018) (quoting Littlejohn, 795 F.3d at 316).6. For a retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) because

[6]

[s]he has opposed any unlawful employment practice." Id. (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015)).

The Rochester City School District Defendants and the Association of Supervisors and School Administrators of Rochester Defendants' motion to dismiss the second combined verified amended complaint should be denied. There are material facts in dispute and documentary discovery has not been conducted.

## ARGUMENT

The Plaintiff's Second Combined Verified Amended Complaint states legal causes of Action against the defendants. There are legitimate facts in dispute. The Defendants had a legal duty and responsibility to act against the culture of discrimination and retaliation that it created of its own making. The Defendants full well knew that Plaintiff's July 2017 final performance evaluation was not developing, but rather "highly effective", and but for the Defendants malice, disparate treatment, and bad faith in changing the final performance evaluation to developing Plaintiff would not have had to endure the hell that the Defendants put her through regarding her final performance evaluation full well knowing that it was not developing, but rather highly effective. Defendants should have foreseen that their unlawful discriminatory actions to maliciously change Plaintiff's final performance evaluation would cause the chain of events and discriminatory acts that followed in creating a culture of discrimination and retaliation, Defendants had a legal and special duty and responsibility to act but refused and failed to do so.

Defendants failed to remedy the acts of harassment, discrimination, and retaliation against the Plaintiff by the entity, its employees, officers, supervisors, and agents, including Deane-Williams, Simpson, Pauly, and Root, Dr. Cliby, Rowe, Kittelberger, Kennedy, Jordan, Sanson, and Unknown School District Attorney, but not limited to. Instead, in retaliation to the

Plaintiff complaining of what she perceived in good faith to be discrimination for opposing and complaining of unlawful discrimination the defendants jointly aided and abetted each other in the culture of discrimination that it created against the Plaintiff. "Accordingly, "[t]he complaint need not set out in detail the facts upon which the claim is based." Twombly v. Bell Altantic, 425 F.3d 99, 107 (2nd Cir. 2005).

The defendants have moved to dismiss the Plaintiff's Second Combined Verified Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). for special rules in The issue to be decided is whether, on the face of the pleading, plaintiff has alleged a cause of action against the defendants. Id

Defendants Rochester City School District motion to dismiss with prejudice should be denied and Defendants Association of Supervisors and Administrators of Rochester ("ASAR") motion to dismiss, in part should also be denied. Plaintiff has not had a sufficient opportunity to engage in discovery in order to develop proof of the defendants' discriminatory and retaliatory intent. Plaintiff engaged in a protective activity, the defendants knew that she engaged in a protective active and showed depraved indifference to that protective activity and to plaintiff's

[8]

fundamental, civil, and human rights under state and federal laws, as well as those afforded to

her under the constitution, including her life, liberty, and property rights. Plaintiff has a property

interest in her employment and benefits.

The Defendants' motion to dismiss must be denied because Plaintiff has had no

opportunity for discovery as defendants filed the instant motion in lieu of an answer and the

parties have not engaged in a Fed. R. Civ. P. 16(b) conference. There are relevant probable facts

in which Plaintiff has been unable to obtain because discover has not yet been commenced in the

matter.

Plaintiff was a member of ASAR, and as such she was entitled to representation based on

that fact. A union can be held liable under Title VII and the NYSHRL for failure to represent,

failure to draft grievances, and acquiescing in discriminatory and retaliatory conduct as an

employer. See, *Goodman*, 482 U.S. at 667-68; *Bonilla*, 697 F.2d at 1304 (citations omitted).

**POINT I**

**PLAINTTIFF HAS IN GOOD FAITH COMPLIED WITH THE COURT'S ORDERS**

Rochester City School District defendants' argument that Plaintiff has failed to comply

with the Court's Order in her Second Combined Verified Amended Complaint is false and not

accurate and must be rejected. Plaintiff in good faith believed that she has complied with the

Court's Orders dated December 30, 2020, in her First Combined Verified Amended Complaint

dated March 30, 2021, but was improperly sanction by the Court by Order dated April 6, 2021,

without the opportunity to be heard, and was granted leave to submit this her second amended

complaint.

Plaintiff in good faith has continued to try to comply with the Court even in regard to

what she in good faith believes complies with the Court's Order, including, but not limited to

subsequent continued discriminatory and retaliatory actions by the Rochester City School District Defendants against her. Plaintiff contends that she had done the best she could with trying to comply with the Court's Order and believes that she has done so. Neither was Plaintiff trying to relitigate as the Defendants argue. The argument is false, as the Plaintiff was only trying to comply to what she in good faith believed to be in response to the Court's Order and questions.

Further, the Rochester City School District argument that Plaintiff has not complied with Court Orders in her Second Combined Verified Amended Complaint is a desperate attempt by the school district defendants to prejudice the court against the Plaintiff. Plaintiff has in good faith tried to comply with the Court's Orders and questions. Plaintiff has not ever maintained and/or pursued any frivolous actions against anyone, including the defendants. Plaintiff commencement of actions against the defendants have been brought in good faith, believing that the defendants' actions and misconduct was discriminatory and retaliatory in nature because she opposed and complained of the school district defendants' unlawful employment practices, and not to harass.

Plaintiff contends that the school district defendants are the abusers and harassers, and that the actions taken against her by the school district defendants were beyond outrageous, shocking, and unconscionable, and that an opportunity to discovery will proof and substantiate her claims against the defendants. The school districts defendants' actions against the Plaintiff were willful and intentional, and based on the district's created culture of harassment, discrimination, and retaliation, and culture of institutional racism. .

The Rochester City School District defendants are not correct in their argument that, "Each venue and forum has found Plaintiff claims to be completely lacking merit". The Second

Circuit remanded. In addition, the New York State Division of Human Rights found probable

cause" against the school district defendants and the matter went to a public hearing. Plaintiff's

state court actions are on appeal, and all the parties are not the same and neither are the subject

matters. Defendants are liars. All they have done is lied and intentionally misrepresented from

one venue or forum to the next, telling one venue or forum this or that, and telling another

something totally different. Their arguments before these venues or forums have been

inconsistence and contradictory at best.

And yes, a fair number of venues or forums have believed their lies, and unfairly credited

the school district when they should not have, and even where there were material facts in

dispute, including during the Division hearings, ALJ Groben admits, "Where Complainant's

testimony differed from that of the Respondent's witnesses, I credited the testimony of the

Respondent's witnesses". (ALJ Groben). The Division matter was not adjudicated on the merits,

and neither was the Plaintiff given a full and fair opportunity to litigate as argued by the school

district defendants.

This has been long in standing because all the defendants have to do is tell the lie, and

even where Plaintiff factually and sufficiently successfully disputed the defendants' baseless

arguments or claims, Plaintiff was judge not to be a credible witness, "Complainant was a not

credible witness". (ALJ Groben). Plaintiff contends that because venues and forums continue to

ignore the school district defendants created culture of discrimination and retaliation, and

institutionalized racism, and because of that, it has only enabled them to do it to some one else,

i.e., Tabitha Woody "Woody"), Black/African American, female, and other school district

employees,  in which the school district has no shame in using its budgetary process to get rid of

older, Black/African employees, including during a global public health crisis. Upon information

and belief, the school district defendants created a loophole for other tenure area, Bracket IV,

CASEs, upon information and belief, including, but not limited to Marissa Nicholson, Sarah

Peters, Carrie Varno, Christina Bush, Shannon Mullins, and Jennifer Kane, a scheme that

included placing them in a false job title, as an Associate Director of Committee on Special

Education ("Associate Director of CSE"), which scheme was designed to justify displacing

Woody for her job, and subsequent termination of her employment.

When the school district defendants tried to push the issue regarding Plaintiff's federal

actions, Administrative Law Judge Groben specifically stated that he did not want to get

involved, "I -- I can't really evaluate what thought process the Division had in these three cases

which are not before – will not be before the Commissioner after I do my recommended order

here and aren't before me. So I – I'd rather not get involved".

The administrative law judge refuse stating, "I want t avoid going into things that – that

are not part of your case". ALJ Groben continued to rebuke and reject the school district in its

persistence and attempt in trying to enter into the division record matters that were not before the

division, "I – I have to agree with that, so that's sustained. I – I understand there are other

complaints that – that the Complainant has filed against various people. One of these is against

some sort of union and – and so I'm not going to receive these in evidence

Attorney Moyer, attorney for the district defendants finally conceded, "Correct, Your

Honor. And the District is not going to talk about the specific allegations and claims she's

making in federal court because I think that Your Honor has made it clear it's beyond your

jurisdiction".

Plaintiff contends that contrary to Defendants Rochester City School District's argument

that she has complied with the Court's Order dated April 6, 2021 (17-cv-6878 and 18-cv-6450,

[12]

combined Dkt. ##40, 41) in these proceedings. Plaintiff contends that her second combined

verified amended complaint set forth the relevant facts and claims in a clear and concise manner,

and that includes the causes actions as instructed by the court on remand from the United States

Court of Appeals for the Second Circuit (*Malcolm I, Malcolm II,* and *Malcolm III*), and this

court. The Second Circuit notes, "Specifically, leave to amend may not be futile with respect to

the following claims, insofar as they relates to events occurring after the filing of *Malcolm I* and

*Malcolm II* complaints: (1) Ms. Malcolm's Title VII, ADEA, and NYSHRL claims against

RCSD, (2) her § 1983 and NYSHRL claims against Deane-Williams, and (3) any claims that

RCSD fired Ms. Malcolm in March 2018 in retaliation for her earlier complaints of

discrimination under Title VII, the ADEA, and the NYSHRL." On remand the Second Circuit

also notes, "We respectfully disagree with its decision to dismiss all of these claims with

prejudice". "However, the defects in the Title VII and ADEA claims against ASAR and RCSD,

as well as her equal protection claims against all defendants, could conceivably be cured in a

new complaint that includes more detailed factual allegations of discrimination (and of state

action, with regard to the equal protection claims against ASAR, Cliby and Rowe)". The Second

Circuit further notes, "Finally, we disagree with the district court's *sua ponte* decision to impose

a leave-to-file sanction on Ms. Malcolm".

The Second Circuit notes, "We note, finally, that because a prior panel of this Court

remanded certain claims in Malcolm I with instructions for the district court to reconsider

whether to grant Ms. Malcolm leave to amend those claims, Ms. Malcolm will have an

opportunity to amend her complaint in Malcolm I to add any claims against Simpson, Pauly, and

Root that could be cured through more precise pleading." See *Malcolm v. Rochester City School

Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Civ. Nov. 12, 2020) ("*Malcolm II*"), *Malcolm v.*

[13]

*ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), (17-cv-6873),

("*Malcolm II*"), U.S.C.A. No.: 19-2409.

This Court by Decision and Order dated December 30, 2020, consolidated *Malcolm I* and

*Malcolm III* for the purpose of determining the issues on remand and granted Plaintiff leave to

amend her complaint in the consolidated action (17-cv-6878, *Malcolm I* and 18-cv-6450,

*Malcolm III*). This Court notes, "The Second Circuit determined that insofar as she relies upon

events occurring after the filing of the *Malcolm I and Malcolm III complaints*, plaintiff might

potentially assert facts sufficient to sate or cure the following claims: (1) Title VII, ADEA and

NYSHRL claims against the District and ASAR, including retaliatory termination claims against

the District; and Section 1983 and NYSHRL equal protection claims against all defendants. See

*Curry-Malcolm v. Rochester City School District et al.*, 2020 U.S. App. LEXIS 35730 at * fn.

(2d Cir. 2020)(affirming in part and remanding in part *Malcolm I*); *Malcolm v. Ass'n of*

*Supervisors & Adm 'rs of Rochester*, 2020 U.S. App. LEXIS 32404 (2d Cir. 2020)(affirming and

remanding *Malcolm III*)".

The Defendants Rochester City School District argue that the complaint contains a new

cause of action that was not asserted in the underlying complaint under 42 U.S.C. §1981 and

should not be included here. The School District defendants' argument contradicts the court's

instruction regarding previously and/or subsequent actions of actionable conduct by the school

district defendants. One or more of the actions complained of relates back to the original

complaint (s), and the continued and ongoing pattern and practice of unlawful discrimination and

retaliation school district defendants after the commencement and/or filing of *Malcolm I*,

*Malcolm II*, and *Malcolm III*, including up to subsequent to. Defendants' arguments have no

merit and should be rejected.

## POINT II

### THIS COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION AND VENUE IS PROPER AS PURSUANT TO 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4)

The Court has subject matter and personal jurisdiction, and venue is proper, despite

Defendants' claim. All defendants were properly served (17-cv-6878, *Malcolm I*, Dkt. #8 and

18-cv-6450, *Malcolm III*, Dkt.#4), and have appeared by and through their counselors of record

in these proceedings and authorized to accept service on behalf of all defendants, and as such the

Defendants motion to dismiss pursuant to 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4) fails as a matter

of law and as pursuant to Education Law § 3811, Declaration of Alison Moyer, Esq., Motion to

Dismiss dated January 31, 2018, Dkt. # 2-1. Rochester City School District Board of Education

Resolution 2017-2018: 563 and 564, pgs. 50-51.

On a motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(1), the court should accept as true all of the factual allegations in

the complaint and must draw all reasonable inferences in favor of the non-moving party. *Raila v.*

*U.S.*, 355 F.3d 118, 119 (2d Cir. 2004); *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003).

This Court has the power to hear this federal action. Subject-matter jurisdiction is conferred by

28 U.S.C. § 1331, the general "federal question" statute. This Court has jurisdiction over this

action pursuant to 28 U.S.C. § 1331. Venue of this action in the United States District Court for

the Western District of New, York, Rochester Division is proper pursuant to 28 U. S. C. §

1391(b) because Plaintiff, Curry-Malcolm was employed and subjected to employment

discrimination and retaliation by the Rochester City School District defendants, and within the

Western District of New York, and the events giving rise to the claims, occurred within this

district, within Monroe County, New York.

Defendants do not provide any substance to Defendants observed arguments, including that the court lacks subject matter and personal jurisdiction, or that venue is not proper because they know that there is no truth to it. This Court should reject defendants' claims as immaterial because the defendants has presented no evidence to the contrary.

The Court has personal jurisdiction, as well as supplemental jurisdiction to hear Plaintiff's claims. Defendants make mention that the court lacks personal jurisdiction, but do not support its motion (s) with any properly documented factual assertions.  All Defendants by and through their attorney have acted in a fashion that can be interpreted as participating in the litigation, i.e., motions to dismiss, including on appeal.

Plaintiff has made a *prima facie* case of personal jurisdiction and is entitled to the resolution in her favor of all disputes concerning relevant facts presented in the record. If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." Id. at 85 (quoting Ball, 902 F.2d at 197); Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 167-68 (2d Cir. 2015) (same).

This Court sits in Rochester, New York, County of Monroe, which jurisdictional seat is in the County of Monroe. Plaintiff is a United States citizen and resides in West Henrietta, New York, Monroe County. The causes of action and the discriminatory actions complained of and/or events complained of arises in the State of New York, Monroe County.

Plaintiff can only bring her federal claims in federal court. This is a civil lawsuit action that presents a federal question. Venue in the United States District Court, Western District of New York is proper under 28 U.S.C. §1391 and each claim for relief and each unlawful employment practice for relief stated herein arises with the  United States District Court,

[16]

Western District of New York jurisdictional set, Monroe County. Further and specifically, the jurisdictional matters argued by the Defendants were adjudicated in these proceedings, and as such the defendants submitted to jurisdiction of the Court. Further, and specifically, the United States Court of Appeals for the Second Circuit retains jurisdiction over any appeal in these matters, likewise the defendants have submitted to the Second Circuit jurisdiction as well.

Plaintiff has overcome her burden regarding jurisdictional, insufficiency of service and/or improper venue and this court must reject the defendants now feeble attempts and claims of the same. Plaintiff has exhausted her administrative remedies, and all conditions precedent to the filing of this combined action has been met. Further, and specifically, this is on remand from the Second Circuit, and at this point all jurisdictional matters have been settled, ad both defendants have already conceded to the court's jurisdiction.

**POINT III**

**PLAINTIFF'S CLAMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 8**

As described in detail herein, Plaintiff has sufficiently stated her causes of action as per Fed. R. Civ. P. 8(a). In addition, Plaintiff has  sufficiently pleaded the jurisdiction of this Court. Defendants' actions against Plaintiff  have been continuous and ongoing, including and up to 2021. A Complaint does not violate Rule 8(a) simply because it is long. There is no district court guidance on how long a complaint should be, i.e., the number of pages, number of causes of actions, etc., that Plaintiff is aware of, and neither did the Court provide her with instruction as to how long the amended complaint should be. Upon information and belief, the Fed. R. Civ. P., does not limit how long a plaintiff's complaint should be, and/or the causes of actions. Specifically, in her second combined verified amended complaint, Plaintiff details and sufficiently invokes federal question jurisdiction of the Court as pursuant to 28 U.S.C. §1331.

Plaintiff's second amended complaint is clear, concise, and comprehensible and gives the Defendants sufficient and actual fair notice of the nature of the claims against them. Defendants were given fair notice of the claims and the charges against them. The Defendants have actual and factual knowledge of the nature of the claims against them.

**POINT IV**

**PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 10**

Defendant Rochester City School District argues that Plaintiff has violated Fed. R. Civ. P. in that she has named defendants in the complaint that do not appear in the caption. All the defendants' who filed this instant motion are represented and do appear in the above caption matter. Further and specifically, Plaintiff's first combined amended complaint named the other defendants that the school district defendants are referencing, Harry Kennedy, Chief of Human Capital Initiatives ("HCI"), Unknown Attorney For Human Capital and Initiatives ("HCI"), Kari Ann Kittelberger, Coordinating Administrator of Special Education, Kelly Sanson, Zone Director of Special Education, and Sandra Jordan, Administrator on Assignment, both officially, individually, and collectively. Plaintiff in good faith sought to add these individuals as parties to the action. As a result, Plaintiff was instead improperly sanctioned by the Court without providing her with the opportunity to be heard on the matter. The defendants' argument must be rejected, and motion to dismiss denied.

**POINT V**

**PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 11**

Defendant Rochester City School District argues that Plaintiff is trying to maintain a frivolous action is a lie.  The defendants are liable for the actions they took against the Plaintiff. Plaintiff is not trying to harass the defendants, and neither has she ever commenced any frivolous

actions against the defendants. Plaintiff's allegations are not frivolous, but true, and defendants in this instant motion to dismiss have not disputed the Plaintiff's factual allegations, which <u>all</u> must be accepted as true. Plaintiff continues to contend that she charged the Defendants with unlawful discrimination and retaliation in good faith. This was the first time that Plaintiff commenced litigation against the Defendants. In deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007) (quoting another source), and "draw all reasonable inferences in Plaintiff's favor." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011). "When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Thus, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Plaintiff's allegations are not frivolous, and she has pleaded factual allegations to the defendants' adverse employment actions, discriminatory and retaliatory conduct against her, and are likely to have further evidentiary support after a reasonable opportunity for discovery. Plaintiff has sufficiently stated causes of action against the defendants. Plaintiff is entitled to offer evidence to support her claims. See, Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998). This argument that the School District defendants are trying to progress must be rejected and defendants' motion to dismiss denied.

## POINT VI

## <u>PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 41(b)</u>

The Rochester City School District defendants argues involuntary dismissal as per Rule 41(b). The school district defendants' argument that Plaintiff's claims should be dismissed as per Rule 41(b) is in desperation and ludicrous. Plaintiff has not failed to prosecute her claims/actions, and neither has she abandoned this action. Plaintiff contends that dismissal pursuant to 41(b) with prejudice would be a harsh punishment, and that such a dismissal would be unjust where Plaintiff has not had the opportunity to engaged in reasonable discovery.

Plaintiff's complaint is sufficient enough to give the Defendants fair notice. The Rochester City School District Defendants argue that Plaintiff's claims should be dismissed pursuant to Rule 41(b). Plaintiff objects and the defendants' argument must fail because Plaintiff has complied with the Court's Order, there has been no discovery, these proceedings are not the close of Plaintiff's evidence because the Defendants have material evidentiary documents in their possession. Dismissal pursuant to Fed. R. Civ. P. 41 (b) would be an unwarranted harsh sanction against the *pro se* Plaintiff. Plaintiff has made every good faith effort in complying with the Court's Decision and Order dated December 30, 2020, as well as the Court's Decision and Order dated April 6, 2020. Plaintiff's errors as a pro se plaintiff does not prejudice the defendants. Defendants are suggesting that the Court impose higher standards than those set out on the Fed. R. Civ. P., and outright dismiss Plaintiff claims for failure to prosecute and/or to comply with Court Orders. Defendants have been given adequate notice of the claims against them.

Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT VII

## PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST ALL DEFENDANTS

Plaintiff have sufficiently stated a claim against all defendants. Plaintiff has sufficiently alleged that the named individuals, Deane-Williams, Simpson, Pauly, Root, Dr. Cliby, and Rowe

participated in the discriminatory and retaliatory conduct by the Rochester City School District defendants against her, and such her claims under NYSHRL must proceed. See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir, 1995). Plaintiff has sufficiently alleged that the defendants in their official and individual capacities were personally involved and participated in the discriminatory actions taken by both the school district and the union on account of her race, color, age, and sex/gender. When deciding a motion to dismiss, the standard of review is in favor of the non-moving plaintiff.  All of the allegations in plaintiff's complaint and all inferences must be taken in plaintiff's favor.  See, Weinstein v. Albright, 2001 WL 897435 (2d Cir. 2001).

N.Y. 16EXEC. LAW § 296(6); see also Feingold v. New York, 366 F.3d 138, 158 n.19 (2d Cir. 2004). Thus, an individual defendant "who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under [NYSHRL]." Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

Plaintiff has sufficiently pleaded a cause of action for race and age discrimination, disparate treatment, equal protection,  section 1981, section 1983, against all Defendants, and breach of contract and retaliation under Title VII, ADEA, and NYSHRL, and wrongful termination.  It is clear from the Plaintiff's complaint that the ASAR defendants' failure to represent and the discriminatory conduct was a direct result of the individual defendants as well as the union defendants.

[21]

Plaintiff has sufficiently plead that she suffered an adverse employment actions based on defendants' conduct, and that but-for her race, she would not have suffered the loss of a legally protected right, and that the defendants adverse and discriminatory conduct was intentional racism, willful, and done in bad faith. Defendants' argument must be rejected, and defendants; motion to dismiss denied.

**POINT VIII**

**PLAINTIFF'S TITLE VII, ADEA, AND SECTION 1983/EQUAL PROTECTION, CLAIMS SHOULD NOT BE DISMISSED**

Plaintiff has sufficiently stated a cause of action under the ADEA against the defendants. In order to state a prima facie claim of age-based discrimination in violation of the ADEA, a plaintiff must allege that: (1) she is a member of a protected class (e.g., over the age of forty); (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination based on age. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997).

Plaintiff makes clear in her complaint that she was a member of a protected class, and that at the time of the discriminatory and retaliatory conduct by the defendants against her that she was fifty-eight (58) years old. Plaintiff also plead that her job performance was satisfactory (highly effective), and that defendants on account of her age intentionally, and with willful intent and done in bad faith directed Root to change her final performance evaluation rating to developing, thereby creating a culture of harassment, discrimination, and retaliation, and that the discriminatory and retaliatory was but-for her age.   Plaintiff also makes clear that she suffered an adverse employment action after April/May 2016 after she brought to the attention the defendants that she believed in good faith that she was being subjected to unlawful discrimination and that she in good faith believed that Root was harassing and discriminating

[22]

against her. Shortly, thereafter, Root was directed to change Plaintiff's July 2016 performance evaluation from highly effective to developing on account of her age.

Plaintiff Title VII race discrimination claims should not be dismissed because Plaintiff sufficiently pleaded a cause of action. Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U. S. C. §2000e–2(a)(1). Title VII thus requires the plaintiff to allege two elements: "(1) [that] the employer took adverse employment action against [the plaintiff]; and (2) [that plaintiff's] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015)(emphasizing that at the pleadings stage of an employment discrimination case, a plaintiff has the "minimal burden" of alleging facts "suggesting an inference of discriminatory motivation")(quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).

Title VII makes it unlawful for an employer or labor organization "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 132000e-2(a)(1). Title VII also "forbids an employer to retaliate against an employee for, 2 inter alia, complaining of employment discrimination prohibited by Title VII . . . ." Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 2006).

Plaintiff met with union officials on numerous occasions made numerous requests that the ASAR defendants file a grievance and/or grievances on her behalf regarding workplace discrimination and her toxic work environment. Plaintiff was told that the union did not file grievances regarding discrimination, harassment, and/or retaliation concerning a unit member's hostile work environment based on discrimination. Under Title VI, a union may be liable in

workplace discrimination for intentionally liable for failing to file grievances concerning a racial hostile working environment. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 667-68 (1987)(Union' deliberate failure to bring raced-based claims, by itself, constituted discrimination, violating the plain terms of Title VII). Second a union may also be liable under Title VII for acquiescing in a racially discriminatory work environment. *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1304 (9th Cir., 1992(citing *McDonald v. Santa Fe Transp. Co.*, 427 U.S. 273, 284 85 (1976).

Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT IX

### PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS ARE NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

The Rochester City School District defendants' argument that Plaintiff is trying to relitigate her claims regarding actions she commenced before the New York State Supreme Court in Bernice Curry-Malcolm v. New York State Division of Human Rights and Rochester City School District, and Bernice Curry-Malcolm v. New York State Teachers Retirement System, Rush-Henrietta Central School District, Honeoye Falls-Lima Central School District, Brown Hutchinson, LLP, Attorneys at law, Rochester City School District and Association of Supervisors and Administrators of Rochester ("ASAR") are false with the express purpose to try to prejudice the Court, and must be rejected.

Plaintiff was only trying to comply with the Court's Order and questions. Plaintiff claims against the Defendants are not barred by collateral estoppel. Plaintiff only tried to respond to the district court's order regarding the questions that were asked of her by the court. Plaintiff is not trying to relitigate her claims that are in the proper jurisdiction on appeal before the New York State Supreme Court, Appellate Division, Fourth Judicial Department.

[24]

The District Defendants argue plaintiff's claims against the District Defendants should be dismissed on the grounds of collateral estoppel is without merit and fails as a matter of law. The District Defendants argue that, "At the time that the plaintiff's underlying complaints were filed in *Malcolm I*, *Malcolm II*, and *Malcolm II* actions, she had several ongoing actions with identical claims filed in the New York State Division of Human Rights that had been referred to a public hearing".   Declaration of Alison L.K. Moyer, pg. 6, ¶ 18.

Plaintiff's claims are properly on appeal regarding the New York State Division of Human Rights and the Defendants Rochester City School District that were before the New York State Supreme Court, Monroe County Clerk Index No.: 2019-4925 ( New York State Supreme Court, Appellate Division, Fourth Judicial Department, TP 21-00785), which was transfer to the Fourth Appellate Judicial Department by Decision and Order dated October 27, 2021 (Hon. Ann Marie Taddeo, JSC), and perfected as of April 8, 2021, and deemed submitted on May 27, 2021.

That matter has not been fully adjudicated and/or litigated, and neither was Plaintiff given a full and fair opportunity to litigate those claims. The Division hearing does not have preclusive effect and was not dismissed on the merits as sufficiently evidence by Michael T. Groben, Administrative Law Judge ("ALJ Groben"). Specifically, ALJ Groben made it clear that:

He did not want to interfere with the federal actions before the New York Western District court, and that the matters were not before him, including the three division cases that the school district defendants tried to insert into the proceedings as referenced herein.

The issue that the Defendants seek to preclude is not identical to any material issues decided by the New York State Division of Human Rights. Neither was Plaintiff given a full and fair opportunity to contest the issue (s). Neither were the issues material to the Division proceedings and/or essential to the decision rendered by the Division, ALJ Groben.

[25]

Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization ... to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.c. § 2000e-2(c)(I); see Yerdon v. Henry. 91 F.3d 370, 375 (2d Cir. 1996) (holding labor union liable under Title VII).

Plaintiff claims against the ASAR defendants should not be dismissed because the doctrine of collateral estoppel does not apply here because there was no thorough  inquiry regarding the matter, and neither was the matter decided on the merit. Plaintiff did not have a full and fair opportunity to present on the record, including the right to submit all exhibits that she wished to present and take testimony of witnesses.

The ASAR defendants' argument that the EEOC did not issue Plaintiff a right to sue is false. Plaintiff filed a charge of discrimination against the ASAR Defendants on March 30, 2017. By Determination and Order, the Division dismissed the complaint on August 29, 2017. The Equal Opportunity Employment Commission ("EEOC") issued a right to sue letter on September 22, 2017. Plaintiff timely filed lawsuit on December 20, 2017, against the ASAR Defendants. And as discussed herein, the state matter does not have preclusive effect because the subject matter was not the same, and neither are all the parties. The matter is pending on appeal.

All of the Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT X

## PLAINTIFF HAS SUFFICIENTLY STATED A BREACH OF CONTRACT CAUSE OF ACTION AGAINST THE ROCHESTER CITY SCHOOL DISTICT DEFENDANTS

Plaintiff has sufficiently pleaded a breach of contract claim against the Rochester City School District defendants. The statute of limitation for breach of contract claim is six (6) years.

[26]

"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (*Canzona v Atanasio*, 118 AD3d 837, 838, quoting *Dee v Rakower*, 112 AD3d 204, 208-209). Plaintiff alleges in her second combined verified amended complaint that she had a contractual employment relationship with the Rochester City School District and that it was binding, and that the defendants breached the employment contract, and that the ASAR defendants are state actors, and that the defendants breached their contractual obligations under both the employment contractual agreement, and the CBA. But-for the breach, Plaintiff would not have lost her job, and suffered loss of income intermittently, and continuously over the last four (4) school years, as well as during this current school year, 2021-2022.

Contrary to the defendants' argument, the Pubic Employee Relations Board does not have exclusive, nondelegable jurisdiction over Plaintiff's breach of contract claims as pursuant to Section 301 of the LMRA which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). It is well-settled that § 301 also contemplates suits by individual employees to vindicate "uniquely personal" rights, such as wages, that find their source in a collective bargaining agreement. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562, 96 S. Ct. 1048, 47 L. Ed. 2d 231 (1976).

Plaintiff's union has failed her miserably! Defendants motion to dismiss must be rejected and denied.

[27]

## POINT XI

### PLAINTIFF HAS SUFFICIENTLY STATED A CAUSE OF ACTION UNDER 42 U.S..C. § 1981 OF THE CIVIL RIGHTS ACT OF 1866 ("CRA")

42 U.S.C. §1981 has a four (4) year statute of limitation, and plaintiff has sufficiently plead that she suffered an adverse employment actions based on defendants' conduct, and that but-for her race, she would not have suffered the loss of a legally protected right, and that the defendants adverse and discriminatory conduct was intentional racism, willful, and done in bad faith.

It is well established that further discriminatory harassment based upon a plaintiff's protected activity constitutes retaliation under the applicable statutes. See *Richardson v. New York State Dept. of Correctional Service*, 180 F.3d 426, 446 (2nd Cir, 1999)("an employer [can] be held accountable for allowing retaliatory co-worker harassment to occur if its knows about the harassment by fails to act to stop it"); see also *Knox*, 93 F.3d 1327, 1334 ("Nothing indicates why a different form of retaliation-namely, retaliating against a complainant by permitting her fellow employees to punish her for invoking her rights under Title VII-does not fall within the statute.").

To state a claim under section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).

Plaintiff experienced a continuing pattern and practice and policy of discrimination by the defendants. Defendants continued to commit the discriminatory and retaliatory acts on and after the filing of *Malcolm I, Malcolm II, Malcolm III*, and *Malcolm IV*.

Defendants also full well knew that Plaintiff engaged in a protective activity, but ignored, and continued to discriminate and retaliate against her even after she opposed and complain to human resources, i.e., Human Capital and Initiatives (Harry Kennedy, Chief of Human Capital and Initiatives from October 2016 and filed two internal discrimination complaints (December 2016 and March 2017), including up to filing discrimination complaints with the New York State Division of Human Rights with dual filing with the United States Equal Employment Opportunity Commission (March 16, 2017, March 30, 2017, April 24, 2017 and August ____, 2017, and including up to and after the filing of her complaints before this court on December 19, 2017 through 2021 based on her race and but-for her race. Defendants would have acted differently had Plaintiff being white. In example, on December 29, 2016, three days after plaintiff filed an internal discriminatory complaint against Root, Defendants by and through one of its authorized agents (unknown attorney) assisted and helped Root, female, white, and Plaintiff's then immediate and direct supervisor to complete and submit a false claim of discrimination and harassment against the plaintiff in which the school district defendants full well knew were false. Based on the foregoing, defendants' motion to dismiss must be rejected and denied.

## POINT XII

### PLAINTIFF HAS SUFFICIENTLY STATED A BREACH OF THE COLLECTIVE BARGAINING AGREEMENT AGAINST THE ASAR DEFENDANTS

Defendants ASAR allowed the school district defendants to breach the CBA in terms, conditions, and privileges of employment, including, but not limited to due process, equal

[29]

protection, job security, transfer/vacancies, preferred eligibility list, promotion, salary, and including up to termination of Plaintiff employment. The unions defendants did not provide Plaintiff, Curry-Malcolm a fair duty of representation. Pl., Affidavit dated April 26, 2021, pg., 4, ¶¶ 31-32, pg., 5, ¶¶ 33-37, pgs., 6-7, ¶¶ 51-52, pg. 7, ¶¶ 54-57, pgs., 37, ¶ 236, 238, pg., 39, ¶¶ 244, 247-248, pg., 40, ¶ 251-252, pg., 48, ¶¶ 284-286; Pl., Seconded Combined Verified Amended Complaint dated April 26, 2021, pgs. 26-27, ¶¶ 184-190, pg. 28, ¶¶ pg., 36, ¶¶ 256-263, 264-266, pg., 40, ¶ 300, pg., 41, ¶¶ 301-302.

A union can be found liable under Section 1981 and Title VII for discriminatory refusal to provide representation to its members on the basis of race. See *Carrion v. Local 32B-32J Service Employees Int'l Union*, 2005 U.S. Dist. LEXIS 4417 at *22(S.D.N.Y. 2005). Examples of factual allegations that have been found to state a claim for such discrimination include the union's refusal to file or pursue grievances filed by minority and non-minority members. Id. See also *Goodman v. Lukens Steel Co.*, 482 U. S. 656, 669 (1987); *Goldvekht v. United Federation of Teachers*, 2009 U.S. Dist. LEXIS 3346 at *13 (E.D.N.Y. 2009). The ASAR defendants argue that Plaintiff was simply displeased. Plaintiff alleges that through a course of formal complaints and conversations that she made the union defendants aware of the discriminatory conduct by the School District, including improper practices, but not limited to. The ASAR defendants caused and attempted to cause the School District to discriminate against Plaintiff based on her age, and the ASAR defendants engaged in and participated in the decision-making process with the school district defendants, having an adverse impact leading to the termination of Plaintiff's employment.

## POINT XIII
## PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE ADEA
## SHOULD NOT BE DISMISSED

"The ADEA makes it unlawful for employers to discriminate on the basis of age against employees age 40 or older." Dist. Council 37 v. N.Y. City Dep't of Parks & Recreation, 113 F.3d 347, 351 (2d Cir. 1997) (citations omitted). Employers are prohibited from refusing to hire, discharging, or otherwise discriminating against an employee with regard to compensation, terms, conditions, or privileges of employment because of age. See 29 U.S.C. § 623(a).

The Rochester City School District Defendants took the claimed employment actions against the Plaintiff because of her age and  age was the but for" reason that the district took adverse actions against her, and would have never occurred, but for her age. The Rochester City School District's discriminatory conduct actually caused the adverse action.

To survive a motion to dismiss under the ADEA, "a plaintiff must plausibly allege . . . 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" Luka v. Bard Coll., 263 F. Supp. 3d 478, 484-85 (S.D.N.Y. 2017) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). "A plaintiff also must plausibly allege 'that age was the but-for cause of the employer's adverse decision.'" Id. at 485 (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015)).

Plaintiff alleges that she was a member of a protective class, Black/African American female. She also alleges that the defendants discriminated against her because of  her age and that it was the "but for" cause of the defendants' discriminatory actions.

In the context of a claim for discrimination under the ADEA, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) (quoting Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)) (internal quotation marks omitted).

[31]

## POINT XIV
### PLAINTIFF SUFFICIENTLY STATES A CAUSE OF ACTION UNDER TITLE VII, NEW YORK STATE EXECUTIVE LAW §290 et. Seq., NYSHRL, ADEA, EQUAL PROTECTION, AND 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

To establish a prima facie case of discrimination, a plaintiff must show that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the surrounding circumstances permit an inference of discrimination. See Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010); Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012).

"[C]laims brought under [NYSHRL] are analytically identical to claims brought under Title VII. Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997) (citation omitted); see also Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII ... [and] New York Executive Law § 296 ...." (citations omitted)). Likewise, NYSHRL claims are analyzed under the same standard as claims brought under the ADEA. See id. at 1304 n.4; see also Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 70 n.2 (2d Cir. 2004) ("Since the [NYSHRL] statute mirrors the requirements of the ADEA, violation of one necessarily implies violation of the other." (citations omitted)). However, unlike Title VII and the ADEA, it is also unlawful "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [NYSHRL]."

The Rochester City School District showed preferential treatment to similarly situated probationary CASE administrators by permitting and allowing those probationary administrators to continue in their employment as CASE administrator during Summer Learning from July 1, 2017 through August 2017. See Amended Complaint, pgs. 52-53, ¶ 381.

[32]

Plaintiff's amended complaint sufficiently alleges that she was within a protected class. See Amended Complaint at pg., 22, ¶162-164, pg. 43, ¶ 316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. Plaintiff was certified and qualified for the position of CASE, as well as any other administrative position within the school district, including and up to Superintendent of Schools. See Amended Complaint, pg., 23, ¶ 165, pg. 27, ¶ 192, pg., 29, ¶¶ 208-209, pg., 30, ¶¶ 210-215. Plaintiff was involuntary transferred, demoted and stripped of her supervisory duties and responsibilities in February 2017. See, Amended Complaint, pgs., 7-8, ¶¶ 37-39. Plaintiff was given several reasons by the school district defendants regarding her involuntary removal  from North Star. See Amended Complaint, pg., 54, ¶ 391, pgs., 54-55, ¶¶ 394, 396.

Plaintiff was terminated from her employment on July 1, 2017, and Plaintiff was the only impacted probationary CASE. See Amended Complaint, pg. 39, ¶ 285, ¶¶ 288-291, pg., 40, ¶ 292-294. Rochester City School District defendants would not freely promote Plaintiff as it freely promoted other similarly situated administrative employees, including those who were not qualified and/or certified for the position in which they were promoted to, including younger white female and male employees outside of the prospective group, i.e., Jason George, male, white, 35 years old, but not limited to. Kittelberger and George was less qualified than the Plaintiff. See, Amended Complaint, pg., 40, ¶ 300, pg., 41, ¶¶ 301-304., pg., 49, ¶ 357.

In retaliation, to the Plaintiff filing of charges of discrimination against the school district, the school district continued to engage in a continued pattern and practice of discrimination and retaliation, including up to the termination of Plaintiff's employment on April 23, 2018. See Amended Complaint, pg.46, ¶339, pg., 47, ¶ 340. The Defendants actions give rise to an inference of discrimination.

The School District and ASAR defendants are state actor and were acting under the color of state law. Dr. Cliby and Rowe were not private actors, both held supervisory position within the Rochester City School prior to being released to serve in their union capacity, and both were also paid salaried employees with the Rochester City School, whose salary was being paid by the school district. The ASAR defendants through their non-action caused and contributed to the school district's discriminatory and retaliatory actions against the Plaintiff based on her race and age. Deane-Williams, Simpson, Root, and Pauly played a role in, and held positions within the Rochester City School District that allowed them to make and influence decisions that impacted Plaintiff's employment and caused her to be terminated. The Rochester City School District, and Deane-Williams, as Superintendent of School aided and abetted in the discrimination and retaliation and their failure to take remedial measures, after receiving Plaintiff's complaints shows the defendants actual participation and aided and abetted in unlawful retaliation. The

As an example, but not the sole example, Plaintiff was entitled to equal protection, equal access, and due process under the CBA, including, but not limited to Article 5, Article 15, Article 16, Article 22, Article 23, Article 24, Article 25, and Article 33. Plaintiff was entitled to a fair and competent duty of representation by Defendant ASAR. "The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." Smith v. Campbell, 782 F.3d 93, 100 (2d Cir. 2015) (quoting Schomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009)).

## POINT XV

### CAUSE OF ACTION UNDER 1981

The relationship between the Defendants RCSD, her employer and the Plaintiff

was a contractual relationship.  Plaintiff alleges, but for her race and sex/gender

Plaintiff's race played a part in the defendants' decision-making process. Racial

discrimination played a part in ASAR not filing a grievance on the behalf of the plaintiff or

the association during the 2015-2016 and 2016-2017 school years because Root, female

white was Plaintiff's direct and immediate supervisor from August 2015 through September

2016 and her direct and indirect supervisor from September 2016 through June 30, 2017.

Root supervised the Central Office CASE administrators. Plaintiff was a Central Office

CASE administrator. Root indirectly supervised the Plaintiff.

The defendants were action under the color of state law, 42 U.S.C. § 5 1981(c).

As an example, but not the sole example of retaliation during the aforementioned time period,

Defendant RCSD was aware and in full knowledge that Plaintiff previously worked for the

district and that she had received tenure in another New York District and intentionally

terminated the Plaintiff based on her race and age. Indeed, an employee may file a Section 1981

within four years of the violation.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).


## POINT XV

## PLAINTIFF HAS SUFFICENTLY STATED A RETALIATION CLAIM AGAINST THE ROCHESTER CITY SCHOOL DITRICT, ASAR AND ALL DEFENDANTS

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she

participated in a protected activity; (2) the defendant knew of the protected activity; (3) she

suffered an adverse employment action; and (4) there exists a causal connection between the

protected activity and the adverse employment action. See Bucalo, 691 F.3d at 129; Terry v.

Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003). Plaintiff's amended complaint sufficiently alleges

that she was within a protected class. See Amended Complaint at pg., 22, ¶162-164, pg. 43, ¶

316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. The Defendants knew of the protected activity. See,

[35]

Amended Complaint, pg., 15, ¶ 115, pgs., 16-17, ¶¶ 122-123,  pg. 118, ¶ 135, pg., 29, ¶ 203, pg.,

38, ¶¶ 277-280.

A union can be found liable under Section 1981 and Title VII for discriminatory refusal

to provide representation to its members on the basis of race. See *Carrion v. Local 32B-32J*

*Service Employees Int'l Union*, 2005 U.S. Dist. LEXIS 4417 at *22(S.D.N.Y. 2005). Examples

of factual allegations that have been found to state a claim for such discrimination include the

union's refusal to file or pursue grievances filed by minority and non-minority members. Id. See

also *Goodman v. Lukens Steel Co.*, 482 U. S. 656, 669 (1987); *Goldvekht v. United Federation of*

*Teachers*, 2009 U.S. Dist. LEXIS 3346 at *13 (E.D.N.Y. 2009). The ASAR defendants argue

that Plaintiff was simply displeased. Plaintiff alleges that through a course of formal complaints

and conversations that she made the union defendants aware of the discriminatory conduct by the

School District, including improper practices, but not limited to. The ASAR defendants caused

and attempted to cause the School District to discriminate against Plaintiff based on her age, and

the ASAR defendants engaged in and participated in the decision-making process with the

school district defendants, having an adverse impact leading to the termination of Plaintiff's

employment.

The ASAR defendants' argument that Plaintiff's grievances amounted to her displeasure

at the union for failing to file a grievance that she solely deemed to have merit, and also among

many others, was laid off shows the same exact lack of interest, lack of care, and perfunctory

attitude that the union defendants had in its failure to fairly represent the Plaintiff, file grievances

on her behalf and/or on behalf of the association in the same manner that it would have done for

non-minority members. The ASAR defendants retaliated against the Plaintiff because she filed

discriminatory complaints against the school district and the union. After the filing of her

administrative charges were filed against the School District on March 16, 2017. Shortly,

thereafter on March 21, 2017, Plaintiff learned via a public newspaper that her job was being

eliminated. Plaintiff sufficiently alleges that the school district and union defendants colluded to

terminate her employment. The union defendants played a role in the termination of Plaintiff's

employment, as well as the creation of a culturally discriminatory work environment, as well as

within the decision-making process that led to termination of Plaintiff's employment.

Even here, the ASAR defendants now argues that the Plaintiff is employed with the

School District as a CASE, suggesting that Plaintiff is an active employee with the Rochester

City School District. This kind of action is what the school district is capable of doing and has

done to Plaintiff without her knowledge. Yet, the ASAR and school district defendants with this

knowledge has not once contacted the Plaintiff by any means of communications. This is yet

another clear example of how the defendants aid and abet each other in discriminatory and

retaliatory practices.

Plaintiff made and attempted to make her grievances known to the ASAR defendants.

There was no formal grievance form as the ASAR defendants claim, and no such form to date

has been provided and/or is available on the ASAR defendants' website for use or instructions.

Plaintiff has exhausted her administrative remedies. Plaintiff was discriminatorily denied fair

representation on account of her age and race.

The ASAR defendants argue that Plaintiff was a former member of its local union.

Plaintiff alleges that as a member or non-member she was entitled to representation by the

ASAR defendants, who provided representation to other non-members, and that the union

defendants removal of Attorney Mimi Satter was discriminatory and retaliatory based on her race

and age. Plaintiff also contends that if the adverse employment action was a lay-off as claimed

[37]

by the district she would have not lost any of her benefits, and or union representation for a temporary cessation of employment. Further, and specifically, the school district defendants were deducting union dues from the Plaintiff's payroll, and/or at other times refusing and failing to deduct Plaintiff's union dues whenever it suited their purposes. At all relevant times, Plaintiff was a member of ASAR. Further, and specifically, in August 18, 2017, the School District defendants without Plaintiff's knowledge and consent, and after terminating her employment on July 1, 2017, accessed Plaintiff's bank and made a deposit in the amount of $706.65 for what the school district claimed to be for negotiated union salary increases for the 2017-2018 school year, and would not pay make the necessary deduction to pay Plaintiff's New York State Teachers' Retirement loan, and/or deduct her union dues.

All of the Defendants' arguments must be rejected, and defendants; motion to dismiss denied.

## POINT XVII

### PLAINTIFF HAS SUFFICENTLY STATED A CAUSE OF ACTION FOR POST-EMPLOYMENT DISCRIMINATION AND RETALIATION

Plaintiff has sufficiently stated a cause of action for post-employment discrimination and retaliation. The Rochester City School District defendants fired the Plaintiff, and then unbeknownst to her has continued to list her as an "active" employee, and according to the ASAR defendants, the district continues to have the Plaintiff listed as an active employee. Plaintiff does not know how to process that since the Rochester City School District terminated her employment by board action on April 23, 2018.

Shortly, and two days later, by letter dated April 25, 2018, and immediately after the termination of Plaintiff's employment the school district defendants unbeknownst to Plaintiff

[38]

began to lie to the New York State Teacher's Retirement System in regard to her pension,

service credits, and salary, and that lie has continued into the 2018-2019 school year to present.

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she

participated in a protected activity; (2) the defendant knew of the protected activity; (3) she

suffered an adverse employment action; and (4) there exists a causal connection between the

protected activity and the adverse employment action. See Bucalo, 691 F.3d at 129; Terry v.

Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003). Plaintiff's amended complaint sufficiently alleges

that she was within a protected class. See Amended Complaint at pg., 22, ¶162-164, pg. 43, ¶

316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. The Defendants knew of the protected activity. See,

Amended Complaint, pg., 15, ¶ 115, pgs., 16-17, ¶¶ 122-123,  pg. 118, ¶ 135, pg., 29, ¶ 203, pg.,

38, ¶¶ 277-280.

All of the Defendants' arguments must be rejected, and defendants; motion to dismiss

denied.

## POINT XVIII

### THE DISTRICT COURT'S APRIL 6, 2021, PRE-FILING SANCTION AGAINST THE PLAINTIFF WAS IMPROPER AS PURSUANT TO THE SECOND CIRCUIT RULING IN MALCOLM I

Plaintiff objects to the district court denial of the recusal of Honorable David G. Larimer.

The district court's speedy pre-filing sanction against the Plaintiff without affording her an

opportunity to be heard is unconscionable and just plain wrong in contraction with the Second

Circuit in *Malcolm I*, and as discussed herein and throughout Plaintiff's Response In Opposition

to defendants/ motion to dismiss.

## POINT XIX

### PLAINTIFF SHOULD BE GRANTED DISCOVERY

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Thus, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Plaintiff, Curry-Malcolm was tenured and is a tenured former employee of the Rochester City School District. Defendants Rochester City School District argument that she was not is disputed. The Rochester City School District Defendants violated Plaintiff, Curry-Malcolm's free speech in violation of N.Y. Constitution, Art. 1, § 8, and the United States Constitution, First Amendment rights.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) (citing In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008))

## POINT XX

### HONORABLE DAVID G. LARIMER SHOUKD HAVE RECUSED HIMSELF

Recusal pursuant to 28 U.S.C. § 455(a) ("section 455(a)"), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Canon 3C(1) of the Code of Conduct for United States Judges provides, in relevant part, that recusal is appropriate "in a proceeding in which the judge's impartiality might reasonably be questioned," including but not limited to several specific instances listed in subsections (a) through (e). Further and specifically, the district court decision and order dated December 30, 2020 appears to abuse discretion and inherent powers to take back jurisdiction over 20-cv-

6537 which is on appeal with this court as 20-2808. ); In re *Curry-Malcolm ("Malcolm IV")*,
2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020).

   Judge judicial Larimer's extra accusations of a personal and professional nature made
against me are unwanted, unwarranted, offensive, troubling, scandalous, defamatory,
stigmatizing and are based on lies and are being made with the sole and exclusive intent to
continue to prejudice these proceedings as has been done in the past by the district court. See
*Malcolm v. Bd. of Educ. Of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117,
120-21 (W.D.N.Y. 2010). In fact, plaintiff sought such relief which was denied by this Court
on two occasions. *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 278 F. Supp. 3d 677, 678
(W.D.N.Y. 2017); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, No. 11-CV-6509, 2011
WL 13128613, at *1-2 (W.D.N.Y. Oct. 27, 2011), aff'd 517 F. App'x 11 (2d Cir. 2013),
*Malcolm v. Honeoye Falls-Lima Educ.* Ass'n, 08-CV-6551, 2015 WL 1507830 (W.D.N.Y.
Mar. 31, 2015) (complaint dismissed), aff'd, 684 F. App'x 87 (2d Cir. 2017), cert. denied,
138 S. Ct. 365 (2017), See *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR),
Rochester City School District, et al., ("Malcolm I"),* 17-CV-6878 at Dkt. #28; *Malcolm v.
Rochester City Sch. Dist. et al.* ("Malcolm II"), 17-CV-6873 at Dkt. #14; *Curry-Malcolm v.
Rochester City Sch. Dist. et al.,* ("Malcolm III"), 389 F.Supp.3d 189 (W.D.N.Y. 2019); In re
*Curry-Malcolm ("Malcolm IV")*, 2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020).
I wish  that things were different but does not see from any angle that the pie is sliced that
Honorable David G. Larimer is going to be objective, impartial and/or unbiased towards her.
Judge Larimer's attitude towards me is disturbing and has caused great harm to my character,
professional reputation, honor and integrity. He has impugned my reputation and its just not
right or fair.

## CONCLUSION

**WHEREFORE**, based upon the foregoing of those reasons set forth in the accompanying declaration/affidavit, of Bernice Curry-Malcolm, and Plaintiff's response in opposition to the defendants' motion to dismiss the complaint, together with annexed exhibits, and facts and law, *pro se* Plaintiff, Curry-Malcolm, it is respectfully submitted that an Order be issued in her favor, denying the Rochester City School District Defendants' motion to dismiss Plaintiff's second combined verified amended complaint in its entirety with prejudice as pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), Rule 8, 10, 11 and Rule 41(b); as well as the ASAR Defendants' motion to dismiss Plaintiff's second combined verified amended complaint in its entirety as pursuant to Fed, R. Civ. P. 12(b)(4), 12(b)(6), or in the alternative such portions of the Second Combined Verified Amended Complaint that are barred by law. Plaintiff makes respectful request for such other relief as the Court deems just and proper.

DATED:      August 20, 2021
            West Henrietta, New, York
            Monroe County, New York

                        Bernice Curry-Malcolm, *Pro se Plaintiff*
                        6 Gingerwood Way
                        West Henrietta, New York 14586

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BERNICE CURRY- MALCOLM | **CERTIFICATE OF SERVICE**<br>**Civ. No.: 17-cv-6878 (Hon. DGL)** |
| Plaintiff, | **U.S.C.A. Appeal No.: 19-2412cv** |
| | |
| ASSOCIATION OF SUPERVISORS AND | |
| ADMINISTRATORS OF ROCHESTER, ("ASAR") | **Civ. No.: 17-cv-6450 (Hon. DGL)** |
| DR. TIMOTHY CLIBY, PRESIDENT and Individually, | **U.S.C.A. Appeal No.: 19-2416cv** |
| JOHN ROWE, VICE PRESIDENT and Individually, | |
| ROCHESTER CITY SCHOOL DISTRICT, | |
| BARBARA DEANE-WILLIAMS, | **JURY TRIAL DEMANDED** |
| SUPERINTENDENT OF SCHOOLS and Individually, | |
| SANDRA SIMPSON, CHIEF OF SPECIALIZED | |
| SERVICES AND FORMER INTERIM EXECUTIVE | |
| DIRECTOR OF SPECIALIZED SERVICES and Individually, | |
| MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED | |
| SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR | |
| OF SPECIALIZED SERVICES and Individually, | |
| | |
| Defendants. | |

---

## CERTIFICATE OF SERVICE

I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the

20th  day of August 2021, that I handed-delivered the Original and a copy of the Plaintiff's

Response In Opposition to Defendants Rochester City School District and Defendants

Association of Supervisors and Administrators of Rochester ("ASAR"), together annexed

exhibits, together with Plaintiff's Memorandum of Law upon the Office of the Clerk, United

States District Court, Western District of New York  located at United States District Court,

2120 U.S., Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same

by United States Postal Priority mail upon the Defendants' counsels of record and authorized to

accept service on the school district defendants (Alison Moyer, Esq.) and union defendants

(Jennifer Carlson, Esq.) behalf, as individually and collectively the parties have granted

[43]

permission that the named attorneys represent them. The United States Postal Service worker is

over the age of 18 years and is not a party to these proceedings and that I served by United States

Postal Service Priority COPY TO:

*Via United States Postal Service Priority Mail*

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.,
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600


Dated: August 20, 2021
West Henrietta, New York
Monroe County, New York

*Mrs Bernice Curry-Malcolm*
Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

[44]