UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE CURRY-MALCOLM,

                              Plaintiff,

          v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,

                              Defendants.
_____

                                                                                    DECISION AND ORDER

                                                                                    18-CV-6450DGL

       Plaintiff Bernice Curry-Malcolm ("plaintiff"), a former employee of the Rochester City School District ("District"), brought this action against the District and its Superintendent. Plaintiff has alleged, inter alia, age-based and race-based discrimination and relation in violation of Title VII, 42 U.S.C. §2000 et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA").

## FACTUAL AND PROCEDURAL HISTORY

       Familiarity with the labyrinthine history of this case, summarized in relevant part below, is presumed.

       On October 19, 2021, this Court granted a motion by defendants to dismiss plaintiff's Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #59). Plaintiff appealed, and on May 30, 2023, the Court of Appeals for the Second Circuit reversed that decision in part, remanding the Court's dismissal of plaintiff's Title VII and ADEA retaliation claims against the District for further consideration. *See Curry-Malcolm v. Rochester*

*City Sch. Dist.*, 2023 U.S. App. LEXIS 13239 (2d Cir. 2023). By Decision and Order entered September 28, 2023, this Court dismissed plaintiff's Title VII and ADEA retaliation claims arising prior to plaintiff's recall employment in November 2017, but permitted plaintiff's Title VII and ADEA claims arising on or after that date to proceed. (Dkt. #48).

The District now moves to dismiss plaintiff's remaining retaliation claims (Dkt. #49). For the reasons that follow, that motion is granted in part, and denied in part.

## DISCUSSION

**I.  Standard On a Motion To Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding whether a complaint is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations in the complaint as true, and draw all reasonable inferences in favor of the non-movant. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a motion to dismiss, the Court's consideration is limited to the four corners of the complaint, any documents attached to it or incorporated by reference therein, and any matters of which the Court may take judicial notice. *See Savino v. Lloyds TSB Bank*, 499 F. Supp. 2d 306, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007). To the extent that plaintiff's submissions in opposition to the present motion purport to raise new claims, accuse new individual defendants, resurrect previously-adjudicated claims against the District, reargue matters that were fully and finally determined in agency proceedings, assert unrelated claims against the Honeoye-Falls Lima School District (a non-party to this action), or to introduce other extraneous or irrelevant

matters, the Court cannot consider those portions of plaintiff's submissions in determining the motion at hand.[1]

## II.     Plaintiff's Remaining Title VII and ADEA Retaliation Claims Against the District

As the Court previously determined (Dkt. #48), plaintiff's retaliation claims arising in and after November 2017 do not appear to have been substantively raised before, or considered by, the New York State Division of Human Rights ("NYSDHR") as part of plaintiff's prior proceedings, or her appeals from the NYSDHR's determination. (2d Cir. Docket, 21-2683, Dkt. #84 at A-207 – A-221). Accordingly, the Court found that they were not barred by *res judicata* or collateral estoppel. *See Curry-Malcolm v. New York State Div. of Human Rights*, 199 A.D.3d 1394 (N.Y. App. Div. 4th Dep't 2021), *leave to app. den.*, 203 A.D.3d 1645 (N.Y. App. Div. 4th Dep't 2022), *app. dismissed*, 38 N.Y.3d 1050 (N.Y. Ct. App. 2022), *cert. den.*, 143 S. Ct. 733 (2023).

Plaintiff's Second Amended Complaint contains several vague, boilerplate allegations that the District "continued in its pattern and practice of discrimination against the Plaintiff up to [and] including retaliating against her" during her recall employment from November 2017 through April 2018. (17-CV-6878, Dkt. #43 at ¶¶464, 474). Such allegations do not identify or describe any specific adverse employment action, and thus cannot form the basis for a plausible retaliation claim.

Plaintiff alleges only one discrete, adverse act by the District arising out of her recall employment. Plaintiff contends that in June 2019, the District informed the New York State Teachers Retirement System ("NYSTRS") that plaintiff had been recalled in November 2017, had

---

[1] For example, plaintiff's opposition papers allege, for the first time, that she made a formal complaint of race-based discrimination to the District in December 2017, shortly after beginning her recall employment, and her memorandum of law argues that her April 2018 termination was undertaken in retaliation for that complaint. The existence of a December 2017 complaint, let alone a claim of retaliatory termination based on it, is not alleged anywhere in plaintiff's prior pleadings, or in the consolidated Second Amended Complaint, which was filed April 26, 2021 – three years after plaintiff's recall employment was terminated. Because these matters fall squarely outside of the scope of the operative pleading, the Court cannot properly consider them here. (17-CV-6878, Dkt. #43 at ¶¶473-78).

been placed on paid administrative leave from December 8, 2017 through April 23, 2018 (the effective date of her termination), and was considered separated from employment thereafter. Plaintiff alleges that this description of her employment history was inaccurate in unspecified ways, was made "[i]n retaliation" for her prior administrative charges and/or lawsuits against the District, and adversely impacted her retirement benefit calculations by the NYSTRS (Second Amended Complaint, 18-CV-6878, Dkt. #43 at ¶¶476, 478, 482-86).[2]

Because this is the only adverse employment action plausibly alleged to have taken place in connection with plaintiff's recall employment, by the District, and in retaliation for plaintiff's engagement in protected activity, it is upon this claim that the Court's analysis will focus.

A.  **Exhaustion of Administrative Remedies**

Initially, the District argues that plaintiff's retaliation claim is subject to dismissal for failure to exhaust administrative remedies.

Plaintiff's Second Amended Complaint, filed April 26, 2021, describes the filing of a number of administrative charges, but none after the commencement of plaintiff's recall employment. (Dkt. #43 at ¶135). Plaintiff implicitly concedes that she never pursued an administrative charge with respect to any claims arising in connection with her recall employment, instead arguing that her instant claim relates back to her previous administrative charges. (Plaintiff's MOL, Dkt. #53 at 16-17, 19-20, 24, 30)(arguing that plaintiff's prior administrative charges of discrimination were "sufficient to put the [NYSDHR] on notice of potential continuing

---

[2] Plaintiff later brought an Article 78 action in New York State Supreme Court, Monroe County against NYSTRS, claiming that the NYSTRS had miscalculated her retirement benefits. By Decision and Order entered December 8, 2020, the Monroe County Supreme Court (Dinofrio, J.) dismissed that action, finding that plaintiff had failed to demonstrate that the NYSTRS's calculations were irrational, arbitrary or capricious. *Curry-Malcolm v. New York State Teachers' Ret. Sys.*, 2020 N.Y. Misc. LEXIS 19066 (N.Y. Sup. Ct. Monroe Cty. 2020). Although the District, and two other school districts that had previously employed plaintiff, were all joined in that action, and plaintiff alleged that all three had made false statements to NYSTRS, the merits of those claims were not decided.

violations" in the future, and that her "November 2017 recall and the ultimate April 23, 2018 termination [were therefore] encompassed within the public hearing . . . before the [NYSDHR]").

"As a precondition to filing a Title VII [or ADEA] claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC [or in New York, the NYSDHR]." *Buon v. Spindler,* 65 F.4th 64, 77 (2d Cir. 2023)(quoting *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003)(internal citations omitted)). An employment discrimination claim must be filed with the administrative agency within 300 days of the alleged discrimination: claims concerning discrete acts outside this window will be time-barred. *See AMTRAK v. Morgan*, 536 U.S. 101 (2002); *Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 599 (2d Cir. 1999). However, claims that were not asserted before the [administrative agency] may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Deravin*, 335 F.3d at 200 (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)(internal quotation marks and citations omitted)). *See also Boonmalert v. City of New York*, 721 F. App'x 29, 31 (2d Cir. 2018) (summary order) (applying the relation-back doctrine to ADEA claims).

This doctrine represents a narrow, judge-made exception to the statutory exhaustion requirement, whereby unasserted "[s]ubsequent conduct is reasonably related to conduct in an [administrative] charge if: (1) the claim would fall within the reasonably expected scope of an [agency] investigation of the charges of discrimination; (2) it alleges retaliation for filing the [administrative] charge; or (3) the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the [administrative] charge." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) (quoting *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)).

Although the plaintiff attempts to argue that her instant claim relates back based on the third theory of reasonable relationship – that it would reasonably have fallen with the scope of the NYDHR's disposition of her prior claims – this Court has already determined that none of plaintiff's claims arising during or after the recall were meaningfully raised or addressed at the administrative level. *See Malcolm v. Ass'n of Supervisors and Adm'rs of Rochester*, 2023 U.S. Dist. LEXIS 174448 (W.D.N.Y. 2023)(finding that plaintiff's claims of age-based and race-based discrimination and retaliation prior to her recall "emerged from the same set of events and allegations" that were fully and finally decided by the NYSDHR and affirmed by New York state courts, and are therefore barred by *res judicata* and/or collateral estoppel, but that claims arising during and after the recall are not). This is good news for plaintiff, as the Court's adoption of her argument – that the NYSDHR in fact investigated and considered her instant claim – would necessarily result in the immediate dismissal of that claim on grounds of *res judicata* and/or collateral estoppel.

Here, plaintiff's claim is that the District made inaccurate statements to the NYSTRS in or around June 2019, specifically *in retaliation for her two March 2017 administrative charges*. As such, I find that the claim is manifestly entitled to relation back under the second theory of reasonable relationship – that is, as an allegation of retaliation for plaintiff's having filed the underlying administrative charges – and that plaintiff's failure to exhaust it is therefore excused. *See generally Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003)(administrative exhaustion requirement is exempted "where the complaint is one alleging retaliation by an employer against an employee for filing an EEOC charge").

B.  **Failure to State a Claim**

The District also argues that even if plaintiff's claim was timely, it is insufficiently stated. The Court disagrees, cognizant that this is a motion to dismiss. Were the Court considering a motion for summary judgment, factual issues, such as the threshold issue of the truth or falsity of the District's statements to the NYSTRS, might be able to be speedily resolved. However, such determinations must await another day, and another type of dispositive motion: at present, the Court's analysis is limited to whether plaintiff's allegations state a plausible claim.

In order to state a claim of retaliation, plaintiff must plausibly allege: (1) that she participated in a protected activity; (2) that the defendant knew of the protected activity; (3) that an adverse employment action was taken against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Collymore v. New York*, 767 Fed. App'x 42, 46 (2d Cir. 2019). An adverse employment action is "any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015) (internal quotation marks omitted). "[N]ormally[,] petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68, (2006). To satisfy the requirement of a causal connection, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega*, 801 F.3d 72 at 86.

Here, plaintiff alleges that at the final termination of a lengthy and fraught employment relationship wherein she had been repeatedly rehired and later laid off or terminated, lodged frequent internal complaints of race-based and age-based discrimination, filed at least four administrative agency complaints, and pursued four separate lawsuits against the District in federal court, the District retaliated against her for her most recent administrative charges by inaccurately

representing the length and/or character of her period of recall employment to the NYSTRS, to in a manner that negatively impacted the NYSTRS's calculations of her potential retirement benefits.

It is beyond cavil that plaintiff's pursuit of multiple administrative charges is a protected activity of which the District was aware. I further find that an employer's intentional misrepresentation of an employee's work history to a pension fund, resulting in the loss of retirement benefits, is an act "that could well dissuade a reasonable worker from making or supporting a charge of discrimination," and thus an adverse employment action for purposes of a retaliation claim. *Vega*, 801 F.3d 72 at 91. Plaintiff has also plausibly alleged that retaliatory motives were the "but-for" cause of the District's purported misreporting of her employment history to the NYSTRS.

Accordingly, assuming the truth of plaintiff's allegations and construing all inferences in her favor, as the Court must on a motion to dismiss, the Court finds that the Second Amended Complaint plausibly alleges a claim of retaliation under Title VII and/or the ADEA, with respect to the District's reporting of plaintiff's employment history to the NYSTRS in or around June 2019.

## CONCLUSION

For the foregoing reasons, the District's motion to dismiss (Dkt. #49) is granted in part, and denied in part. I find that the Second Amended Complaint (17-CV-6878, Dkt. #43 at ¶¶473 et seq.) plausibly states a claim of unlawful retaliation in violation of Title VII and/or the ADEA, based on the District's alleged provision of inaccurate information to the NYSTRS in June 2019.

The Court does not find that plaintiff has plausibly alleged any additional adverse actions by the District, arising out of her recall employment from November 2017 through April 2018. To

8

the extent plaintiff has purported to do so, or has attempted to introduce entirely new claims by way of opposition papers, those claims are insufficiently stated, and are dismissed.

The District is directed to file an answer to plaintiff's remaining retaliation claim within twenty (20) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 17, 2024.