UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BERNICE CURRY-MALCOLM,

                    Plaintiff,

       v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,

                    Defendants.

_____

<u>REPORT & RECOMMENDATION</u>

18-CV-6450DGL

## **<u>PRELIMINARY STATEMENT</u>**

On June 18, 2018, plaintiff Bernice Curry-Malcolm filed this *pro se* action against the Rochester City School District (the "District") and its Superintendent (collectively, "defendants") alleging employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (Docket ## 1, 55).  By Order of the Hon. David G. Larimer, United States District Judge, dated January 30, 2024, all non-dispositive pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 57).  On July 9, 2024, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  (Docket # 71). Curry-Malcolm did not respond to the Order to Show Cause.

As recounted in the Order to Show Cause, this Court previously issued an Order to Show Cause in this case after plaintiff failed to attend the first two telephone scheduling

conferences noticed by this Court to occur in February and April 2024.  (Docket ## 64, 71).

Curry-Malcolm responded to that Order to Show Cause on May 31, 2024, explaining that she

was unable at attend the first conference, scheduled for February 28, 2024, because she was

required to appear for proceedings before a different court on that day.  (Docket # 65 at 9-10).

With respect to the second conference, scheduled for April 1, 2024, Curry-Malcolm maintained

that she was unable to attend because that particular day was a "difficult" one for her and her

family and because she was unable to meaningfully participate in the conference because

documents relevant to this case were stolen from her house.  (*Id.* at 10-11).

Based upon Curry-Malcolm's response to the Order to Show Cause, the Court

provided Curry-Malcolm one additional opportunity to attend and rescheduled the conference for

July 3, 2024.  (Docket # 69).  In its Order, the Court advised Curry-Malcolm that Rule 16(b)(1)

of the Federal Rules of Civil Procedure requires this Court to conduct a conference with the

parties to discuss deadlines for this case and to issue a scheduling order following that

conference.  (*Id.* at 2 (citing Fed. R. Civ. P. 16(b)(1)).  The Court cautioned Curry-Malcolm that

"**should plaintiff fail to appear for the July 3, 2024 telephone scheduling conference, this**

**Court will issue an Order to Show Cause why this case should not be dismissed.**"  (*Id.* at 4).

On July 3, 2024, Ryan J. McDonald, Esq., counsel for the defendants, appeared

by telephone for the scheduled conference, but plaintiff did appear.  (Docket # 70).  This Court

issued the pending Order to Show Cause on July 9, 2024.  (Docket # 71).  The Order to Show

Cause directed Curry-Malcolm to respond by July 30, 2024.  (*Id.*).  It warned Curry-Malcolm,

"[f]ailure to comply with this order will result in the recommendation of the dismissal of this

action with prejudice pursuant to Fed. R. Civ. P. 41(b)."  (*Id.*).  The Order to Show Cause was

mailed to plaintiff at her address of record and has not been returned as undeliverable.

Curry-Malcolm has not responded to the Order to Show Cause or otherwise contacted the Court

to explain her failure to appear at the scheduled conference.

On this record, the Court recommends that this action be dismissed with prejudice

pursuant to Fed. R. Civ. P. 41(b).

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an

action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it.  Unless the dismissal order states otherwise, a
> dismissal under this subdivision . . . operates as an adjudication on
> the merits.

Fed. R. Civ. P. 41(b).  Although the rule refers to dismissal upon motion of a defendant, the

Supreme Court has made clear that a court has the inherent authority to dismiss an action

*sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to

dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette

v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.),

*cert. denied*, 384 U.S. 1007 (1966).  In addition, the Local Rules of Civil Procedure for the

United States District Court for the Western District of New York provide that "[i]f a civil case

has been pending for more than six (6) months and is not in compliance with the directions of the

. . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court

may issue a written order to the parties to show cause within thirty (30) days why the case should

3

not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Curry-Malcolm has failed to appear for three scheduled conferences or to respond to the pending Order to Show Cause. The Order to Show Cause

warned Curry-Malcolm that her failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 71) Because Curry-Malcolm has not responded to the pending Order to Show Cause and has repeatedly failed to attend Court-ordered conferences, her case should be dismissed.

## **CONCLUSION**

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        August 7, 2024

5

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                       *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                           United States Magistrate Judge

Dated: Rochester, New York
       August 7, 2024