UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BERNICE CURRY-MALCOLM,

                Plaintiff,

    -vs-

Rochester City School District, et al.,

                Defendants.

_____

DECISION & ORDER

18-CV-6450

Plaintiff Bernice Curry-Malcolm filed this *pro se* action in 2018 against the Rochester City School District and the District Superintendent, alleging employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* By Order of this Court dated January 30, 2024 (Dkt. #57), all non-dispositive pretrial matters in the case were referred to Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).

On August 7, 2024, Magistrate Judge Payson issued a Report & Recommendation ("R & R") recommending that the Court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Dkt. #72.) After the Court granted plaintiff's request for an extension of time to response to the R & R, plaintiff filed objections to the R & R on September 27, 2024. (Dkt. #75.)

## DISCUSSION

### I. Relevant Standards

Under 28 U.S.C. § 636(b)(1), if a party files written objections to a magistrate judge's recommendations, the district judge "shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." In addition, Rule 72 of the Federal Rules of Civil Procedure likewise provides that a magistrate judge's rulings as to dispositive matters, *i.e.*, matters which would dispose of a party's claim or defense, are subject to *de novo* review.

In addition, Federal Rule 41(b) provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for failure to prosecute may be effected on motion or by the court, *sua sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (among the "facets to a federal court's inherent power" is the power to "act *sua sponte* to dismiss a suit for failure to prosecute").

## II. Application to this Case

Magistrate Judge Payson's R & R well lays out the reasons for her recommendation that the case be dismissed for failure to prosecute, in particular plaintiff's repeated failure to appear for scheduled conferences, without explanation or notice to the Court. I fully concur with the magistrate judge's findings in that regard and accept and agree with her recommendation that the case be dismissed.

As stated, the R & R accurately details the relevant facts, *see* Dkt. #72 at 1-2. A good sense of what led to the magistrate judge's recommendation of dismissal can also be gleaned simply by reading through the docket entries in this case, beginning with #61, dated February 28, 2024, when plaintiff failed to appear for a conference that had been scheduled on February 6, 2024.

Following that unexplained absence on plaintiff's part, Magistrate Judge Payson issued an Order (Dkt. #62) rescheduling the conference for April 1. The Order stated, in boldface, "that should plaintiff fail to appear for the April 1, 2024 telephone scheduling conference, this Court will issue an Order to Show Cause why the case should not be dismissed." Plaintiff failed to appear, again without prior notice or explanation.

The magistrate judge then issued an Order to Show Cause (Dkt. #64) directing plaintiff to show cause in writing why the case should not be dismissed for failure to prosecute. Plaintiff responded, offering various reasons why she had been unable to attend the conferences. *See* Dkt. ##65, 67, 68.

Magistrate Judge Payson then issued an Order (Dkt. #69) in which she recognized that "unanticipated events may prevent a litigant from attending a scheduled conference," but she correctly pointed out that "under such circumstances, the proper procedure is to alert the Court" as soon as practicable. *Id.* at 3. In the instant case, plaintiff was simply a no-show, and did not even contact the Court *afterwards* to explain her absence. Not until faced with the prospect of dismissal for failure to prosecute was plaintiff roused to action, and even then she failed to explain why she had not informed the Court that she would be unable to attend the conferences.

Although at that point dismissal under Rule 41(b) may well have been justified, the magistrate judge stated that "because Curry-Malcolm timely responded to the Court's Order to Show Cause, the Court will permit her one final opportunity to comply with this Court's Orders requiring her attendance at a scheduling conference." *Id.* at 3-4. She therefore rescheduled the conference once again, for July 3, and repeated the warning that should plaintiff fail to appear, the Court would issue an Order to Show Cause why the case should not be dismissed.

True to form, plaintiff did not appear on July 3, nor did she contact the Court either prior to or following the aborted conference.  On July 9, Magistrate Judge Payson issued another Order to Show Cause (Dkt. #71) why the action should not be dismissed for failure to prosecute, giving plaintiff until July 30 to respond.  That deadline came and went with no response of any kind from plaintiff, nor did she contact the Court to seek an extension of time to respond, or for any other reason.  That is what led to the issuance of the August 7 R & R recommending dismissal of the case.

Once again prodded into action by the threat of imminent dismissal, plaintiff submitted a 44-page objection to the R & R.  Despite its heft, however, it contains little of substance, and nothing that persuades me that the Court should reject the magistrate judge's recommendation that the case should be dismissed for failure to prosecute.

Plaintiff objects that in the R & R, Magistrate Judge Payson "did not reach the merits of the case," Dkt. #75 at 13, but that of course is in the very nature of a Rule 41(b) dismissal.  Dismissal under the rule is not based on any assessment of the legal merits of the claims one way or the other, but on the litigant's failure to prosecute the claims in the first place.  *See, e.g., Jones v. City of Rochester*, 20-CV-545, 2022 WL 1668508, at *5 (W.D.N.Y. May 25, 2022) ("Although a resolution on the merits is generally preferred, the facts of this case support a dismissal for failure to prosecute").

As she did with respect to the missed conference appearances, plaintiff also belatedly offers reasons why she did not respond to the July 9 Order to Show Cause.  She states, for example, that she was having problems with her computer.  (Dkt. #75 at 25.)  Once again, however, she has not explained why she could not have contacted the Court by letter or otherwise to inform the Court of

-4-

her difficulties and to seek an extension. For that matter, even a brief handwritten response to the Order to Show Cause would have been preferable to no response at all.

Plaintiff further states that dismissal is a harsh remedy, and in that she is correct. But that does not mean it is never appropriate. In deciding whether to impose the sanction of dismissal, the Court must consider not just the drastic nature of that remedy in a vacuum, but the history of the case. In the case at bar, that history amply demonstrates that far from taking a draconian approach, the magistrate judge was if anything indulgent toward the plaintiff. Time and again the Court was willing to overlook her unexcused, unexplained non-appearances, and to give her second (and third) chances. The result was always an encore of plaintiff's disappearing act.

If this case involved a one-time missed conference, some lesser sanction would likely be called for, but that is precisely why the magistrate judge forgave plaintiff's previous non-appearances. We are well past that point. The record here shows what has become an entrenched pattern, despite the Court's explicit warnings that continued failures to appear might very well result in dismissal of plaintiff's case. Under these circumstances, I agree with and accept Magistrate Judge Payson's recommendation that the action be dismissed for failure to prosecute.[1]

---

[1]While each case must be determined individually, it also bears mention in this context that plaintiff is no stranger to this court, and that she has a history of filing meritless claims. *See, e.g., Curry-Malcolm v. Rochester City Sch. Dist.*, 2021 WL 5764534 (2d Cir. Dec. 6, 2021); *Curry-Malcolm v. Rochester City Sch. Dist.*, 828 F.App'x 810 (2d Cir. 2020); *Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 684 F.App'x 87 (2d Cir. 2017). As a search of the Court's electronic database shows, that is only a partial list.

**CONCLUSION**

I accept and adopt the Report and Recommendation (Dkt. #72) of United States Magistrate

Judge Marian W. Payson.  This action is hereby DISMISSED for failure to prosecute pursuant to

Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.


Dated:        October 10, 2024
              Rochester, New York

              DAVID G. LARIMER
              United States District Judge